SEAMAN R. CONKLIN *vs.* HENRY A. BOTSFORD.

A husband bringing trover for the personal property of his wife, held by him as trustee under the statute, may declare upon it as his own proper estate.

Where in such a case the defendant pleaded a levy upon and sale of the property as the plaintiff's, and the plaintiff replied that it was property held by him in right of his wife and as trustee for her, it was held to be no departure.

TROVER for a horse and a quantity of hay, described in the declaration as " the plaintiff's own proper estate." Plea that defendant as an officer levied upon and sold them upon an execution against the plaintiff. Replication that they were held by the plaintiff in right of his wife and as trustee for her under the statute. Demurrer to the replication and reservation for advice.

*Hubbard* and *Andrews*, in support of the demurrer.

*O. S. Seymour* and *G. C. Woodruff*, contra.

PARK, J. The question in this case is, whether the replication to the defendant's plea is a departure from the matters set forth in the declaration. The declaration alleges that the property in question was the plaintiff's own proper estate. The replication sets forth that it vested in the plaintiff in right of his wife, and at the time of the conversion was held by him as trustee for her.

The question then is, was this property in contemplation of law the proper estate of the plaintiff, if it vested in him in

VOL. XXXVI.—14

right of his wife ?   The counsel for the defendants claim that
it was not, and insist that the words, " which was his own
proper estate," necessarily mean that the property belonged
to the plaintiff absolutely in his own right, and that therefore
the allegation in the   replication   that the property vested in
him in right of his wife is a departure from the case stated in
the declaration.

In the case of   *Hollis   et   al., administrators,* v.  S*mith,*  10
East, 293, which was an action of trover brought to recover the
value of certain goods, Lord Ellenborough in giving the opin-
ion of the court says :—" The question is whether it was nec-
essary for the plaintiffs to have declared as administrators ;
and here it certainly was not necessary, for on the death of
the testator they were in point of law the owners of the goods
which belonged to the intestate, and whether actually possessed
by them or not before the conversion, they might declare as
any other person upon their own property when wrongfully
converted by another."

If then an administrator can bring an action in his own
individual name, without the affix of administrator, for the
value of goods belonging to the estate of his intestate when
converted by another, on the ground that the goods were his
own proper estate in contemplation of law, much more can
the plaintiff in this case bring such action in his own name,
alleging the goods to be his proper estate, for not only was
the legal title to the property vested in him, but the use and
benefit of the property were his absolutely, which is not the
case with an administrator. .

Judge Swift, in the first volume of his Digest, page 657,
says, " Where the executor is in possession of the goods of the
testator, he may declare for them as his own proper goods.
The same rule applies to administrators."   See also 2 Esp.
N. P., 201 ;  2 Wms. Saund., 74 ;  *Webb* v. *Fox,* 7 T. R., 391.

Again, the counsel for the defendant concede that if one
has the possession, use and benefit of chattels he may main-
tain an action in his own name for their value if converted
by another, but they claim that in a case like the present he
should state in his declaration the matter set forth in his re-

plication. But why should the plaintiff anticipate the defence in the case? He may not have known what defence would be made when he brought his action. If the defendant had pleaded the general issue, with notice only, and the facts detailed in the replication had appeared in evidence merely, it is not pretended that the plaintiff could not recover. But the defendant saw fit to interpose a special plea of justification, that the property was taken by process of law on an execution against the plaintiff. Now the replication merely meets this plea of the defendant and states facts that go to show that the property was not liable to be taken on execution. It is like a case where *A* sues *B* in an action of trespass or trover for the conversion of certain goods belonging to *A*, and *B* justifies on the ground claimed here, and *A* replies that the goods were exempt from execution. Manifestly in such a case there would be no departure ; nor do we think there is in the case at bar.

We therefore advise the Superior Court that the replication is sufficient.

In this opinion the other judges concurred.