## KNOWLES *v.* HERBERT.

A CHATTEL MORTGAGE, UNTIL IT HAS BEEN FORECLOSED, CONVEYS NO TITLE or interest in the property covered by it, except a mere lien to the mortgagee.

SUPPLEMENTAL PROCEEDINGS — ATTACHMENT — CHATTEL MORTGAGE — GARNISHEE.—Proceedings supplemental to execution are purely legal, and cannot be used by the judgment creditor for the purpose of enforcing the lien which the judgment debtor has by virtue of a chattel mortgage on the property of the garnishee.

APPEAL from Douglas County.

*S. H. Hazards,* for the appellant.

*T. G. Owens,* for the respondent.

By the Court, WATSON, C. J.:

The facts in this case necessary to be stated, are briefly these: Tony Ward, being indebted to defendant, T. G. Cockrill & Co., on the fifteenth of January, 1877, gave his note for eight hundred and twelve dollars and twenty-five cents, payable in three months, with interest from date at one per cent. per month. To secure the payment of this note, Ward executed a chattel mortgage on certain articles of personal property then belonging to him and in his possession. The mortgage was delivered the same day, and

properly recorded two days afterwards. On May 25, 1880, F. W. Knowles, the appellant, commenced an action against said defendants, T. G. Cockrill & Co., and the defendants, Strum & Co., to recover the sum of eight hundred and ninety-one dollars and thirty-one cents and interest, and caused the debt due from Ward to T. G. Cockrill & Co., upon said note to be attached in said action, May 27, 1880. Ward's certificate to the notice served upon him in the attachment proceeding was as follows: "I have no property in my possession belonging to or secured to T. G. Cockrill & Co., I owe him personally one thousand dollars or thereabouts." The defendants in the action brought by Knowles were non-residents, but service was made by publication, and judgment was obtained against them by default on May 25, 1881, for the sum of nine hundred and ninety-eight dollars and twenty-six cents and costs; and it was further ordered by the court that execution issue therefor, and that the debt so attached be collected and applied in satisfaction of said judgment. Ward continued to be the owner and to hold possession of the property until October 1, 1881, when he sold an undivided one-half interest for three hundred and seventy-five dollars to the garnishee, Joseph Herbert. They afterwards remained in possession together as partners until February 17, 1882, when Ward, for the consideration of six hundred dollars, sold all his remaining interest in the property to Herbert, and delivered the possession to him. Herbert afterwards, on the twenty-third day of the same month, mortgaged the property to A. W. Border to secure the payment of four hundred dollars due from him to Border. On the twenty-eighth day of the same month execution was issued on said judgment, and on the first of March, 1882, the sheriff demanded from Ward the amount admitted by him to be due, in his certificate before mentioned, to T.

G. Cockrill & Co., to be applied on said execution. Ward refused to make any payment, and on the first day of April succeeding the sheriff served said execution on Herbert, the garnishee herein, by delivering him a certified copy of the same, together with a notice specifying that all property in his possession belonging to T. G. Cockrill & Co., and Tony Ward, or either of them, and particularly the property mentioned in the chattel mortgage, was levied upon under said execution. Herbert answered denying the possession of any property belonging to either of said parties, T. G. Cockrill & Co. or Tony Ward. Upon Herbert's examination in the proceedings supplemental to execution, provided for in title 2 of chap 3 of the Code of Civil Procedure, before the court, the foregoing facts appearing, he was discharged with judgment for his costs, and hence this appeal.

The statement of the case, in our opinion, conclusively demonstrates the correctness of the decision below. The property was neither Ward's nor T. G. Cockrill & Co.'s when the execution was served on Herbert, the garnishee and respondent. It had not been attached. It was Herbert's property absolutely, subject only to the chattel mortgage lien. That lien had not been foreclosed, and it is conceded in the argument for appellant to be the settled law in this state that a chattel mortgage, until it has been foreclosed, conveys no title or interest in the property covered by it, except a mere lien to the mortgagee. But it is strenuously contended by counsel for the appellant that the mortgage lien may be enforced in this proceeding in favor of the execution creditor, and that to this extent the proceeding should be treated as a suit to enforce. But while the forms of actions are abolished, and the pleadings allowable on either side prescribed by the code, the essential distinctions between the respective jurisdictions of law and

equity have not been abrogated; and it makes no difference that both are administered in the same courts. That the proceeding supplemental to execution, under our code, is purely at law, can admit, we think, of no serious question. Not only so, but it is statutory and limited to a particular object and a particular mode of investigation, which, it seems entirely safe to say, cannot by any possible construction be held to embrace any equitable jurisdiction of a nature so important as that claimed by appellant's counsel. If by force of the levies under the attachment and execution, the appellant acquired any right to enforce the mortgage security against Herbert and Border, as incident to the debt levied upon, he must proceed to foreclose it, as the original holders would have been compelled to do, and can not be awarded such relief in this proceeding. The judgment of the circuit court is affirmed.

Judgment affirmed.