Palmer *v.* Hayes.

Filed Nov. 16, 1887.

| | |
|---|---|
| 112 | 289 |
| 118 | 322 |
| 118 | 328 |
| 112 | 289 |
| 125 | 453 |
| 126 | 503 |
| 112 | 289 |
| 130 | 424 |
| 112 | 289 |
| 145 | 521 |
| 112 | 289 |
| 154 | 29 |
| 154 | 321 |

No. 12,676.

## PALMER *v.* HAYES.

STATUTE OF LIMITATIONS.—*Satisfaction of Judgment.*—The six years statute of limitations is no defence to a suit to obtain the satisfaction of record of a judgment.

PRACTICE. — *Insufficient Answer. — Defective Demurrer. — Harmless Error.*— There is no available error in sustaining a defective demurrer to a bad answer.

PLEADING.—*Departure.—Former Adjudication.—Chattel Mortgage.—Satisfaction of Judgment.*—A complaint to obtain the satisfaction of a judgment alleged that the judgment creditor had accepted personal property for the amount of the judgment but refused to cancel it. An answer alleged that, in a former action between the same parties, it was ad-

Palmer v. Hayes.

judged that such personal property was, at the time it was taken, the property of the judgment creditor by virtue of a chattel mortgage executed by the judgment debtor. The reply admitted the judgment, but alleged that it was rendered upon the agreement that, in consideration of the judgment and the surrender of the mortgaged property, the judgment should be satisfied and cancelled.

*Held*, that the reply is not a departure from the complaint and is sufficient.

FORMER ADJUDICATION.—*Nominal Party.*—*Judgment Conclusive Upon Real Party.*—*Evidence.*—One who, being the real party in interest, prosecutes an action in the name of another, is concluded by the judgment rendered therein, and in a subsequent action by him for the same cause it is error to exclude evidence showing his relation to the former proceeding.

From the Whitley Circuit Court.

*T. R. Marshall, W. F. McNagny* and *C. Clemans,* for appellant.

*A. G. Wood,* for appellee.

MITCHELL, J.—This was a proceeding by Hayes against Palmer to obtain satisfaction of a judgment on a justice's docket, pursuant to the provisions of section 1497, R. S. 1881.

Hayes alleged that Palmer had recovered a judgment against him before a justice of the peace for $238.60, and that the judgment had been paid by the sale and delivery of certain personal property, which the judgment creditor had accepted in satisfaction thereof, but that the latter wrongfully refused to cancel the judgment of record.

The defendant answered a former adjudication, alleging that it had been adjudged, in a certain action between the same parties, that the property alleged to have been taken in satisfaction of the judgment was, at the time it was taken, the property of Palmer, under and by virtue of a certain chattel mortgage theretofore executed by Hayes to Palmer. The six years statute of limitations was also pleaded. The court sustained a demurrer to this last answer. This ruling is complained of. If the judgment was in fact satisfied, as

was alleged in the complaint, it was no answer that satisfaction had been made more than six years before the bringing of the suit.

It is argued that the demurrer to this answer was insufficient in form, and that it should have been overruled for that reason. If it should be conceded that the demurrer was informal, it would not follow that the ruling should be reversed on that account. The most that can be said is that a bad answer went out of the record upon an informal demurrer; or, in other words, that the court reached a correct conclusion in a manner not altogether formal.

To the answer of former adjudication, the plaintiff replied, admitting the judgment, but alleging that it had been rendered upon the express agreement that Palmer was to be adjudged the owner of the property covered by the chattel mortgage mentioned, and that, in consideration of such judgment, and the surrender to him of the property mortgaged, he agreed to cancel and satisfy the judgment mentioned in the complaint.

It is contended that this reply was a departure from the complaint. We do not concur in this view. The substance of the answer is that Hayes had an equity of redemption in certain personal property, upon which Palmer held a chattel mortgage, and that, in consideration that the latter agreed to satisfy the judgment in question, the former sold his right in the property mortgaged, and agreed that Palmer should be adjudged the absolute owner thereof. This was not a departure from the complaint.

The point most sharply contested at the trial was whether, by the agreement relied on, the mortgaged property was to be taken by Palmer at its appraised value, and credit given on the mortgage debt, including the judgment in question, for the sum at which the property should thereafter be appraised; or whether the property was to be taken, and the indebtedness cancelled, without regard to the appraised value of the property. If the question here depended upon the

preponderance of the evidence, we might incline to the view that the case was with the appellant; but, as there is evidence in the record which tends to sustain the finding, we can not disturb the judgment upon what might seem to us the preponderance of evidence.

. It appeared that certain persons had become replevin bail for the stay of execution on the judgment of which an entry of satisfaction was sought to be obtained. Prior to the commencement of this suit by Hayes, a suit had been commenced by, or in the name of, the replevin bail, for the purpose of obtaining an entry of satisfaction of the identical judgment involved in this proceeding, upon the same grounds as those alleged in the complaint in this case. This suit had been prosecuted to judgment against the replevin bail. Palmer offered the pleadings, proceedings and judgment in that case in evidence at the trial below. He offered to prove, in that connection, that Hayes employed counsel, and to all intents and purposes prosecuted the former suit, at his own cost, in the names of the replevin bail, they being merely nominal parties. This evidence was excluded. This was error. If it was true, as the appellant proposed to prove, that in the former suit Hayes was the real party, and that he personally conducted the suit, in the names of the replevin bail, under an agreement to pay all the expenses and costs, then he was so far in privity with the nominal parties, with whom he was identified in interest, as to be concluded by the judgment. " The fact that an action is conducted in the 'names of nominal parties, can not divest the case of its real character, but the issues made by the real parties, and the actual interests involved, must determine what persons are precluded from again agitating the questions; and who are estopped by the previous decision.'" Freeman Judg., section 174. *Montgomery* v. *Vickery*, 110 Ind. 211; *Stoddard* v. *Thompson*, 31 Iowa, 80; *Elliott* v. *Hayden*, 104 Mass. 180; *Train* v. *Gold*, 5 Pick. 380. "There are," said COWEN, J., in *Jackson* v. *Griswold*, 4 Hill, 522, 530, " certainly many cases where a

person, though not a nominal party to the suit, shall yet be concluded by it, because he has in fact taken the management of the cause; nay, where he has had notice of its pendency, and a chance to litigate, but neglected to do so."

It would present an anomaly, indeed, if, after prosecuting a suit in the names of the replevin bail, with the result that it was therein solemnly adjudged that they were bound for the judgment, the principal debtor might now have it adjudged that, as to him, the judgment was satisfied.

For the error in excluding the evidence last alluded to, the judgment is reversed, with costs.

