SARAH HOUSTON v. LAURA SLEDGE et al.

*Specific Performance — Contract — Statute Frauds — Pleading —
Joinder of Causes of Action — Tender.*

1. The plaintiff brought an action for the specific performance of a con-
   tract to convey land; the defendant answered, setting up an aban-
   donment and rescission of the contract; the plaintiff replied,
   admitting the rescission, but alleged that the defendant agreed to
   reimburse him for improvements made while he was in possession,
   and demanded judgment therefor: *Held,* that this was not such
   a departure from the original cause of action as to warrant the dis-
   missal of the action, and as the two demand the same transaction
   they might be determined in the same action.
2. That the contract to reimburse the expenditures for improvements,
   &c., was not within the operation of the Statute of Frauds.
3. In an action for specific performance, where the defendant denies the
   equity of the plaintiff, after a trial upon the issues joined, a tender
   of deed and demand for payment of purchase money comes too
   late.

This is a CIVIL ACTION, tried before *Clark, J.,* at Fall Term,
1888, of McDowell Superior Court.

The plaintiff instituted her suit against the defendants
M. L. Sledge and Joshua McCurry, executor and executrix
of R. Don. Wilson ; the first named being also his devisee of
the lot which the testator is alleged to have contracted to
convey to John W. Houston, the deceased husband of the
plaintiff, who claims to be the owner of all his estate—to
enforce the specific execution of the contract and the con-
veyance of the lot on payment of the purchase money, the
said vendee having died before any of the notes given to
the testator became due.

The defendants do not deny that such a contract in writ-
ing was made, but, in defence, set up the total insolvency
and inability of both the vendee and the plaintiff to make
the required payment, in consequence of which the plaintiff

abandoned all claim to the lot, and united in a petition for its sale to make assets to meet the liabilities of the deceased intestate vendee, and the said Wilson entered into possession and expended a large sum in the construction of a house and putting other improvements upon the lot, making it inequitable now to assert any claim under the contract. To this the plaintiff replies, admitting rescission of the contract between the plaintiff and the testator, and as the consideration of such rescinding, alleges that the testator agreed, with her, to take back the lot at the contract price and pay her the value of the improvements made by the vendee, and to take, use and account for all the material then on hand or contracted for by him, and that having demanded payment therefor and been refused, she now demands payment for $650, due under said agreement, from the defendants, the personal representatives of the vendor, the said R. Don. Wilson.

No counsel for the plaintiff.
*Mr. John Devereux, Jr.*, for the defendants.

SMITH, C. J. (after stating the case.) The action thus assumes a new form, being changed from one demanding a specific performance to one for the recovery of the money agreed to be paid upon its rescission and the restoration of the lot, which is a substitute for the surrendered claim first made and asserted.

When this cause was before us upon a former appeal—98 N. C., 414—from the ruling sustaining the defendants' demurrer to the replication taken to the answer, this language was used in reference to the alleged departure of the replication from the case made in the complaint: "But the plaintiff may waive the delay and take the money to be paid in reimbursement of the expenditure put upon the premises,

101—41

and the offer to do this is the substance of the replication."
And again: " Nor does the demand for the money, which
may be considered but a proposition to abide by that agree-
ment, essentially change the nature and legal effect of the
pleading." The import of this is that, while an unexecuted
contract forms no bar to an action for specific performance,
for which it was intended to be a substitute and adjustment,
the plaintiff may, at her election, proceed upon it, just as,
when the Statute of Frauds is interposed, the plaintiff may
have an account of moneys paid and improvements put on
the land when the promise relied on was not in writing, and
the defendant acquiesced in the outlays, and thereby
induced the belief that he would, in good faith, abide by
his contract. And so has this suit been conducted in the
Court below since the decision.

Now such a change is not such a departure from *The Code*
system of pleading as necessarily to defeat the action and
send the plaintiff out of Court to pursue her remedy upon
the rescinding agreement, for the vital and essential subject
matter remains, and such an amendment accords with the
new practice, which, ignoring the new forms, aims to adjust
and settle controversies about the same matter in a single
action when the other party is not misled to his injury and
damage.

The plaintiff being thus called to answer the new cause
of action, though set out in the replication, treated as virtu-
ally an amendment of the complaint (and such association
of the pleadings in order to get at the true cause of action
is recognized in *Hughes* v. *Whitaker*, 84 N. C., 640), the
defendants were entitled to answer the demand, and were
offered by the Court an opportunity to plead the Statute of
Limitations, which they refused to avail themselves of, their
counsel remarking that he knew no rule of pleading that
admitted such a plea to a replication, ignoring its relation to

the complaint, as in substance an enlargement of its scope and operation.

Thus considered, the complaint, aided by the subsequent pleadings, presents the claim of the plaintiff in a two-fold aspect: (1) A demand for title to be made by the devisee of the lot, and alternatively for (2) a judgment of the Court for expenses incurred agreed in lieu thereof to be paid by the testator against his representatives.

The first claim is abandoned and the suit proceeds upon the second. Now, both grow out of one transaction, and there is not seen any reason why the controversy may not, when presented in proper form, be adjusted and settled in a single action.

Nearly if not quite all the errors assigned on the appeal grow out of the assumption of the incongruity in the pleadings, while under the present practice the action must be ascertained by an inspection of them all. *Boyett* v. *Vaughan,* 79 N. C., 528 (overruled, but not on this point, on the rehearing, 85 N. C., 363); *Perry* v. *Adams,* 98 N. C., 167.

1. What has been said is an answer to the exception to the ruling in respect to the issues proposed by the defendants to be submitted to the jury and refused, and is alike applicable to all the exceptions founded upon the supposed incompatibility of the plaintiff's pleadings.

2. The defendants introduced in evidence the petition of the administrators of J. W. Houston and the proceedings under it for the sale and conversion of his interests in the lot arising out of his contract, and, we understand, rely on them as an estoppel to a claim of that interest.

The answer describes the suit as one instituted by the testator Wilson against the plaintiff and others for the sale of the equitable interests acquired by the deceased vendee in the lot and its sale thereunder for the inconsiderale sum of five dollars. But in whatsoever form the action was brought it was intended to divest the said equitable estate, and while

not relied on, so far as we can see, as a defence, does not interfere with the assertion of the plaintiff's claim to compensation for improvements by virtue of the testator's alleged undertaking to pay for them.

3. The defendants also insist that the agreement whereby the vendor recognized his equitable obligation to reimburse the expenditures falls under the Statute of Frauds, and not being in writing, cannot be enforced.

We are unable to appreciate the force of this objection. When in a verbal contract for the sale of lands the vendor repudiates it and refuses to comply with its terms, for this reason he is required to return the purchase money received and account for improvements which he permits to be put upon the land, with full knowledge that the vendee does this in expectation that its terms are to be complied with by the vendor, and in full faith in his integrity; and this because the repudiation of the contract, optional with him, and the acquisition of the fruits of the vendee's labor and expenditures, would, if tolerated, be a fraud, and thus the statute, instead of preventing, would become a cover for fraud. The recognition of the equitable obligation growing out of the transaction cannot impair its force and effect.

The contract involves no interest in land, but simply assumes to pay a sum of money, because no title or right to land passes from the one to the other parties. The statute has no application. *McCracken* v. *McCracken,* 88 N. C., 272, and cases cited in the opinion and dissenting opinion in the case.

4. The defendant, M. L. Sledge, devisee, after verdict, through her counsel, now tendered a deed for the lot upon payment of $1,200, admitted to have been expended upon the lot by the vendor, and the purchase money, with interest thereon until the surrender of possession to the vendor in January, 1878, consenting to a deduction therefrom of the interest on the sum, $610, claimed to have been spent on the prem-

ises by the vendee. No deed was exhibited, and the plaintiff introduced the Register's book showing the title not now to be in said defendant, but to have passed to one Maloney.

The Court ruled that the offer came too late after verdict, and the plaintiff not consenting to accept the deed the tender was ineffectual. We concur in the ruling of the Court and overrule the exception.

From a careful review of the record we find no error, and must affirm the judgment.

Affirmed.