[Decided at Pendleton July 31, 1897.]

## FISK *v.* BASCHE.

(49 Pac. 981.)

Opening Settled Accounts — Burden of Proof. — One who seeks to surcharge and falsify a settled account has the burden of proof to establish the facts alleged: *Hoyt* v. *Clarkson*, 23 Or. 51, applied.

From Baker: Robert Eakin, Judge.

For appellant there was an oral argument by *Mr. F. M. Saxton (Mr. Will R. King* of counsel).

For respondents there was an oral argument by *Mr. Frank L. Moore.*

Per Curiam. This is a suit for an accounting. The facts are that on April 21, 1888, plaintiff and one Henry A. Hyde, as partners, entered into a contract with defendants by which it was agreed that the latter would from time to time ship to them, at Prairie City, Oregon, certain goods, wares, and merchandise, which they agreed to sell and remit the proceeds, less ten per cent. thereof, which they were to retain as their commission; that about April 1, 1889, Hyde assigned all his interest in this contract to plaintiff, who continued to carry out its terms until about October 1 of that year, when he had a settlement with the defendants, wherein there was found a balance against him of $490, which he settled by delivering certain personal property to defendants in payment thereof. Plaintiff admits having received from defendants large quantities of goods, wares, and merchandise, and that he sold the same, but alleges that he delivered to them

notes, accounts, money, and property far in excess of the value thereof; that defendants agreed to collect said notes and accounts, and render a statement thereof, and pay the plaintiff the amount which might be found due him on final settlement; that they collected about $2,000 thereon, and applied the same to their own use, refusing to account with or pay to the plaintiff any part of the moneys so collected,—and also alleges such other facts as to give a court of equity jurisdiction of the cause. The defendants deny the material allegations of the complaint, and, as a further defense, aver the accounting, settlement, and delivery of the property in payment of the amount so found to be due, as hereinbefore stated. The plaintiff, after denying the new matter set out in the answer, alleges in his reply that defendants falsely and fraudulently represented to him that after giving him credit for all moneys, notes, accounts and property so received he was indebted to them in the sum of $1,400, and that, relying thereon and being deceived thereby, he had been induced to turn over to them money and property to that amount in settlement thereof; that thereafter, having learned that such representations were false, and that defendants were indebted to him in a large sum, he made a demand on them for an accounting and settlement of their dealings, but that they refused to comply therewith. The cause, being at issue, was thereupon referred, and the evidence taken, from which the court found that plaintiff and defendants had a settlement of their dealings, which was fair and complete, so far as it could ascertain from the data thereof then in the hands of either party, but that it

was impossible to say from an inspection of their books, in the light of the oral evidence explanatory thereof, what sum, if any, was due either party, and thereupon rendered a decree dismissing the suit, from which the plaintiff appeals.

Plaintiff having alleged in the complaint that he never had an accounting with defendants, and having practically admitted in the reply that he had a settlement with them, which he seeks to avoid, it is contended by counsel for the defendants that to permit him to avail himself of the allegations of the latter pleading would be violative of the rule announced in the case of *Lillienthal* v. *Hotaling Company*, 15 Or. 371 (15 Pac. 630), to the effect that a plaintiff in an action or suit must recover, if at all, upon the facts stated in his complaint. We have no disposition to controvert the rule established in that case, but, assuming that plaintiff's cause of suit is properly stated, we do not think the evidence submitted at the trial entitles him to the relief he seeks. The original statements of account, as prepared by plaintiff and defendants, and which were used in making, and furnished the basis of, their settlement, are in the record, and that submitted by the plaintiff contains the following item: " Horses, $490." This is evidently the property delivered to defendants in settlement of the amount then found to be due them, and, while plaintiff seems to think that this item refers to a band of horses delivered for another purpose, he admits offering Basche $50 to set aside the settlement and open the account. Just after this settlement was effected there was found to be due plaintiff from defendants the sum of $100,

as salary, which they paid by check drawn on the First National Bank of Baker City, and thereupon obtained plaintiff's receipt, evidencing a payment "in full of all demands to date." The evidence shows that certain errors occurred in entries made by the defendants in their books, and that plaintiff had charged defendants with certain notes delivered to them, but failed to give them credit therefor upon their return to him for collection, so that they are charged with the notes, and also with the money obtained on account thereof.

Assuming, as we have, that the pleadings presented the issue of surcharging and falsifying a settled account, the burden was on the plaintiff to establish the facts so alleged: *Hoyt* v. *Clarkson*, 23 Or. 51 (31 Pac. 198). In this respect he has signally failed, in consequence of which we are compelled to conclude, as did the trial court, that, if there be any amount due either party, it is not discoverable from a careful examination of the evidence; and hence it follows that the decree must be affirmed, and it is so ordered.

AFFIRMED.

[Decided November 22, 1897; rehearing denied.]