## MAYES *v*. STEPHENS.

[63 Pac. 760; 64 Pac. 319.]

REPLEVIN — PLEADING — DEPARTURE.

1. Hill's Ann. Laws, § 76, authorizes the plaintiff to allege in his reply any new matter, not inconsistent with the complaint, which constitutes a defense to new matter in the answer. A complaint alleged ownership and possession of the boiler sued for when it was unlawfully seized. The answer averred that the boiler was real estate, and duly seized on execution against R, its owner. The reply alleged that R had detached the boiler, and delivered the possession thereof to the plaintiff, to whom he gave a chattel mortgage on it, and that the conditions of the mortgage had been broken. *Held,* that the reply did not constitute a departure, since evidence of the facts alleged in the reply was admissible under the allegations of the complaint, and hence the reply was not inconsistent therewith.

COMPETENT EVIDENCE OF NOTE AND MORTGAGE — REPLEVIN.

2.   Where plaintiff in replevin, relying on a chattel mortgage, testi-
fied, ·without objection, that he held the property under such mortgage,
and was in actual possession of it until a certain note was paid, the com-
plaint was supported by competent evidence, though the note and mortgage
were not introduced, the proof of immediate delivery and retention by the
mortgagee obviating the necessity of proving the filing of the mortgage,
and the presumption being, from the proof of the execution of the note,
that it was still in force, six years not having expired.

PLEADING — SURPRISE.

3.   A defendant in replevin ought not to be surprised if plaintiff offers
proof of a special property in the subject of litigation under a general
allegation of ownership, where the reply set forth the facts as to the
special ownership.

From Douglas: JAS. W. HAMILTON, Judge.

Action by J. G. Mayes against R. L. Stephens to recover
the possession of a tubular boiler, or its value in case pos-
session thereof cannot be secured, and damages for its de-
tention; the plaintiff substantially alleging that he is the
owner and was in the possession of the property when it was
unlawfully seized by the defendant, who refused to sur-
render it upon a demand therefor, and that he is entitled to
the immediate possession thereof.   The defendant denied
the material allegations of the complaint, and averred that
said boiler was real estate which he, as sheriff of Douglas
County, Oregon, attached as the property of one G. W.
Riddle, in pursuance of a writ duly issued out of the circuit
court for said county in an action wherein the latter was
defendant, which acts constitute the alleged wrongful seiz-
ure and detention of which the plaintiff complains.   The
reply denied the material allegations of the answer, and
averred that prior to such seizure Riddle detached said boiler,
and delivered the possession thereof to the plaintiff, to whom
he also gave a chattel mortgage thereon to secure a promis-
sory note for the sum of $500, payable on demand, which

38 OR.—33.

mortgage was immediately filed with the clerk of said county, and provided that, if said property was attached by the creditors of the mortgagor, the said note should at once become due and payable, and that plaintiff might sell the boiler in the manner prescribed by law. The reply further averred that said conditions have been broken. The court, upon motion, struck out the allegations of new matter in the reply, and, plaintiff having introduced his testimony and rested, a judgment of nonsuit was given, whereupon he appeals.                              Reversed.

For appellant there was a brief over the name of *Coshow & Sheridan,* with an oral argument by *Mr. O. P. Coshow.*

For respondent there was a brief and an oral argument by *Mr. J. C. Fullerton.*

Mr. Justice Moore, after stating the case, delivered the opinion of the court.

1. It is contended by plaintiff's counsel that the court erred in striking out the allegations of new matter in the reply, while defendant's counsel maintain that the averments so stricken out constituted a departure from the allegations of the complaint, and hence no error was committed in this respect. The statute permits a plaintiff to allege in his reply any new matter not inconsistent with the complaint, which constitutes a defense to new matter in the answer: Hill's Ann. Laws, § 76. The facts relied upon as a ground of action should generally be stated in the complaint; for, if the reply allege matter which constitutes an original cause of action, the averment of the latter pleading will be treated as a departure: *Lillienthal* v. *Hotaling Co.,* 15 Or. 371 (15 Pac. 630) ; *Wyatt* v. *Henderson,* 31 Or. 48 (48 Pac. 790) ; *Fisk* v. *Basche,* 31 Or. 178 (49 Pac. 981). But a new assignment in the reply, designed to affirm the averments of

the complaint by correcting the defendant's mistake in regard thereto, is not a departure: Bliss, Code Pl. (2 ed.), § 396. Matter which sustains a pleading is no departure, if set up in the reply, though it might have been set out in the complaint (Fitnam, Trial Proc., § 581), the rule being that the complaint and reply, when not repugnant, should be read together to determine the pleader's intent: *Lavery* v. *Arnold,* 36 Or. 84 (57 Pac. 906, 58 Pac. 524); *Cederson* v. *Oregon Nav. Co.,* 38 Or. 343 (62 Pac. 637). In *Conklin* v. *Botsford,* 36 Conn. 105, an action having been commenced to recover damages for the conversion of a horse and a quantity of hay, it was alleged in the complaint that said property was "the plaintiff's own proper estate." The answer averred that the defendant, as an officer, in pursuance of an execution against the plaintiff, levied upon and sold the property. The reply alleged that the horse and hay, at the time they were seized, were held by him in right of his wife, as trustee for her under the statute. A demurrer to the reply having been interposed, it was held that there was no departure between the complaint and the reply. In *Merchants' Nat. Bank* v. *Richards,* 6 Mo. App. 454, an action was instituted to recover a dividend on certain shares of capital stock which the complaint alleged the plaintiff owned and held, and, the reply having averred that he held said stock as a pledge, it was held that no departure existed, and the judgment thus rendered was affirmed on appeal: *Merchants' Nat. Bank* v. *Richards,* 74 Mo. 77. A departure occurs when a party in a subsequent pleading abandons the cause of action which he at first stated, and chooses another, inconsistent with, and which does not support or fortify, the theory originally adopted: 6 Enc. Pl. & Prac., 460. In *Herring* v. *Skaggs,* 73 Ala. 446, it was held that, while it is a general rule of pleading that a replication must not depart from the allegations of the declaration in any substantial manner, yet, when the cause of action is stated generally in

the declaration, the plaintiff may, if necessary, in a replication to a special plea, restate it in a more minute and circumstantial manner. To the same effect, see *Trustees* v. *Hartfield,* 5 Ark. 551; *Palmer* v. *Hayes,* 112 Ind. 289 (13 N. E. 882); *Hallett* v. *Slidell,* 11 Johns. 56; *Troup* v. *Smith's Ex'rs,* 20 Johns. 33; *Rosby* v. *St. Paul, M. & M. Ry. Co.,* 37 Minn. 171 (33 N. W. 698); *Houston* v. *Sledge,* 101 N. C. 640 (8 S. E. 145, 2 L. R. A. 487).

The test of departure is determined by a negative answer to the inquiry whether evidence of the facts alleged in the reply is admissible under the allegations of the complaint: 6 Enc. Pl. & Prac. 462; *Estes* v. *Farnham,* 11 Minn. 423. Applying to the case at bar the standard thus suggested for ascertaining a departure in a pleading, the question is presented whether evidence of the plaintiff's special property in the boiler by reason of his chattel mortgage thereon was admissible under the allegation of his general ownership thereof, as stated in the complaint. The statute confers upon the mortgagee of chattels the right to their immediate possession whenever a breach occurs in the condition of the mortgage, and, if possession thereof be not delivered to him upon demand, he may recover the same in an action therefor: Hill's Ann. Laws, §§ 132, 3837. It was formerly held in this state that a mortgage of chattels created only a lien upon the property affected thereby *(Chapman* v. *State,* 5 Or. 432; *Knowles* v. *Herbert,* 11 Or. 240, 4 Pac. 126); but it was subsequently determined that upon a breach of the condition of a chattel mortgage the mortgagee thereby secured a qualified ownership in the property: *Case Threshing Mach. Co.* v. *Campbell,* 14 Or. 460 (13 Pac. 324); *Marquam* v. *Sengfelder,* 24 Or. 2 (32 Pac. 676); *Reinstein* v. *Roberts,* 34 Or. 87 (75 Am. St. Rep. 564, 55 Pac. 90). In *Moorhouse* v. *Donaca,* 14 Or. 430 (13 Pac. 112), the plaintiff, having commenced an action to recover the possession of a header, alleged in the complaint that he was the owner

and entitled to the possession thereof. At the trial testimony was introduced tending to prove that plaintiff's interest in the property resulted from a chattel mortgage given thereon, and, the court having instructed the jury that if they found that the machine was his property, either special or general, and that the defendant wrongfully took the same from his possession, they should find for the plaintiff, it was held that no error was committed in this respect. In *Crocker* v. *Burns,* 13 Colo. App. 54 (56 Pac. 199), it was held, in an action to recover the possession of certain personal property, that an allegation of absolute ownership thereof was supported by evidence showing a special ownership by virtue of a chattel mortgage, upon a breach of its conditions.

In such action, which has been substituted by the legislative assembly of this state for the common-law remedy of replevin, the issue usually tried is the right of possession; the ownership of the property alleged to have been unlawfully taken or detained being important only so far as it tends to establish the right sought to be enforced. Mr. Jones, in his work on Chattel Mortgages (4 ed.), § 699, in speaking of the mortgagee's interest in the property and his rights and remedies after a breach of the conditions of the mortgage, says: "In nearly half the states a mortgage of real property has come to be regarded as merely a lien, and not a conveyance of the legal title. But a chattel mortgage is a transfer of the title to the mortgaged property, and not a lien upon it, even in those states in which a mortgage of real property is regarded as merely a lien upon it, and not a title to it in the mortgagee. Since the title of a mortgagee to real estate only becomes absolute after a strict foreclosure, or after a conveyance to him upon a foreclosure sale, while his title to personal property becomes absolute upon the mortgagor's default, a mortgage of personal property is in this respect a higher security than a mortgage of land." The doctrine thus announced has not been carried to that extent in this

state, for it has been held that a mortgagor may sell or assign mortgaged personal property, subject to the lien of the mortgage *(Jacobs v. McCalley,* 8 Or. 124), though the statute, amended after such decision was rendered, makes the mortgagor of personal property a bailee, and, upon being convicted of an embezzlement of such property, prescribes a punishment therefor: Hill's Ann. Laws, § 1771. In *Case Threshing Mach. Co. v. Campbell,* 14 Or. 460 (13 Pac. 324), decided subsequent to such amendment, Mr. Justice THAYER, in speaking of the interest transferred by a chattel mortgage and the rights of the parties thereunder, says: "The mortgagee, then, certainly has a right to the thing, and may, if a delivery of it to him on demand is refused, maintain an action in the nature of replevin to recover it. Having a claim upon the property, a right to its possession, coupled with the right to have it sold to satisfy his claim, is, it seems to me, more than a lien; it is a qualified ownership. Possession is property when it includes so important a right. The right of possession is a species of title. It is a dominion over the thing; not for all purposes, perhaps, but for a substantial advantage to the party. He may obtain control over it as a matter of right, and hold it as against every one until the mortgagor performs the conditions of the mortgage. The affair at least becomes a pledge of the property, as contradistinguished from an hypothecation. It may be well said, as in the two cases referred to *(Chapman v. State,* 5 Or. 432, and *Knowles v. Herbert,* 11 Or. 240, 4 Pac. 126), that a chattel mortgage simply creates, in the outset, a mere lien upon the property, and vests no title in the mortgagee; but that cannot be said after the conditions of the mortgage are broken. Then a new right arises, which is a legal right. The mortgagee becomes invested with a special property in the thing." It has been held that any interest in the property sought to be recovered, coupled with a right to the immediate possession thereof,

constitutes such ownership as entitles the plaintiff, upon proof thereof, to the relief demanded: *Kimball* v. *Redfield,* 33 Or. 292 (54 Pac. 216).

"In replevin," says Mr. Justice MITCHELL, in *Miller* v. *Adamson,* 45 Minn. 99 (47 N. W. 452), "the plaintiff is not required to plead specially the source of his title, or the particular facts which entitle him to the possession of the property.   He may allege generally that he is the owner and entitled to the immediate possession, and, under that, prove any right of property, general or special, that entitles him to such possession.   In replevin the term 'owner' does not necessarily import general or absolute ownership.   The action being one for the possession, it is what may be called the 'possessory title' that is important.   Hence, under the general allegation in plaintiff's complaint that he was the owner and entitled to the possession, it was competent for him to prove a chattel mortgage on the property from the owner to himself, and a breach of its condition that, by the terms of the instrument, entitled him to the possession of the mortgaged property.   It could make no difference whether the condition broken was one for the payment of the debt or some other."   A conclusion contrary to that just announced has been reached by the courts of last resort in other states, in which it is held that evidence of a mortgagee's interest upon a breach of the conditions of a mortgage was inadmissible under an allegation of general ownership; but most of these decisions have been predicated upon statutory provisions.   Thus, in *Kern* v. *Wilson,* 73 Iowa, 490 (35 N. W. 594),—a case relied upon by the defendant,—the statute required the complaint to state "the facts constituting the plaintiff's right to the present possession thereof, and the extent of his interest in the property, whether it be full or qualified ownership": Code, Iowa, 1873, § 3225, subd. 3. Our statute in respect to the mode of stating the facts in the complaint in an action of this character does not contain

such a provision, though, when a delivery of the property is claimed at any time before judgment is rendered, the affidavit therefor must show that the plaintiff is the owner of the property, or is lawfully entitled to the possession thereof by virtue of a special property therein, the facts in respect to which shall be set forth: Hill's Ann. Laws, § 133, subd. 1. Construing *in pari materia* the several sections of the statute adverted to, and interpreting them in the light of the recent decisions of this court upon the subject of chattel mortgages and claim and delivery of personal property, we conclude that evidence of plaintiff's special property in the boiler by reason of the chattel mortgage and the breach of its conditions was admissible under the allegation of general ownership, and that the averments of the reply did not constitute a departure, but amplified the general allegations of the original pleading, and hence the court erred in striking out the new matter in the reply. It follows from these considerations that the judgment is reversed, and a new trial ordered.                            REVERSED.

Decided 25 March, 1901.

ON MOTION FOR REHEARING.

MR. JUSTICE MOORE delivered the opinion.

2.   A petition for rehearing having been filed by the defendant, it is contended therein that, if the allegations of new mattetr in the reply did not constitute a departure, evidence of plaintiff's special property in the boiler was admissible under the allegation of ownership in the complaint, and, this being so, the action of the court in striking out such new matter was immaterial, and that, no competent evidence of said special property having been offered at the trial, no error was committed in rendering the judgment of nonsuit. Neither the promissory note nor the chattel mortgage was offered in evidence, but the plaintiff testified that on the day

the mortgage was given he took possession of the boiler and held it until the defendant took it from him. In answer to the following question, "Then your claim is that you hold this boiler under the chattel mortgage?" he said, "Yes, sir; and in actual possession of it until that $500 note is paid off, with interest thereon." No objection was made to this method of proving the existence of the note and mortgage, which was clearly substantiated by his testimony, thus obviating the necessity of offering them in evidence; and the proof having shown that the execution of the mortgage was accompanied with the immediate delivery of the boiler to the plaintiff, who continued to hold the actual possession thereof, thus establishing the validity of his lien, no necessity existed for proving that the mortgage had been filed in the clerk's office: Laws 1893, p. 30. By considering plaintiff's testimony as true, and the reasonable inferences deducible therefrom, and invoking the presumption from the proof of the execution of the note that it was still in force (Hill's Ann. Laws, § 776, subd. 33), six years not having elapsed since it was given, the jury might reasonably have found that the lien of the mortgage subsisted, and that plaintiff was entitled to the possession of the property sought to be recovered, and hence the court erred in not giving such testimony the credit to which it was entitled (*Herbert* v. *Dufur,* 23 Or. 462, 32 Pac. 302; *Hedin* v. *Suburban Ry. Co.,* 26 Or. 155, 37 Pac. 540; *Wallace* v. *Suburban Ry. Co.,* 26 Or. 174, 37 Pac. 477, 25 L. R. A. 663), and in rendering the judgment of nonsuit, even if no prejudicial error was committed in striking out the allegations of new matter in the reply.

3. It is also insisted that, as the complaint was founded upon the allegation of general ownership of the boiler, the defendant could not have anticipated that the adverse party intended to rely upon proof of a special property therein by virtue of a chattel mortgage, and hence no opportunity existed to challenge the validity or *bona fides* of such mort-

gage by proper averments in the answer. The contention in this respect, so far as involved herein, is without merit; for, a reply having been filed alleging the execution of the note and the mortgage, the allegations of new matter therein were deemed controverted as upon a direct denial: Hill's Ann. Laws, § 94. The petition is therefore overruled.

REHEARING DENIED.