[Filed January 21, 1891.]

## S. C. FLINT v. R. PHIPPS ET AL.

EXECUTION — FAILURE TO FOLLOW JUDGMENT — SALE — INADEQUACY OF PRICE — MOTION TO QUASH. — Where an execution is radically defective in failing to follow the judgment, and a sale has been had of certain real property from which is realized about two-fifths of what the same property brought a few months previously at another execution sale in the same case, and the cause of the discrepancy in the amount realized does not appear, the court in the exercise of a superintending power over its process will quash the writ.

EXECUTION — AMENDMENT OF. — The power to amend an execution is vested in the court, but its exercise must always be in furtherance of justice.

Douglas county: R. S. BEAN, Judge.

Defendants appeal. Reversed.

This is an appeal from an order confirming a sheriff's sale made upon a decree of foreclosure; also from an order allowing the execution upon which such sale was made to be amended. On the 2d day of July, 1888, a final decree of foreclosure was entered in this court in said cause for the sum of $13,045 and interest, and $250 attorney's fees, and for costs and disbursements. The mandate was duly filed and entered in the court below on the 10th day of October, 1888. On the 15th day of October, 1888, an execution was issued to enforce said decree and placed in the hands of the sheriff of Douglas county for service, who advertised the lands described in said writ for sale on the first day of December, 1888. On said day a part of said lands were solds to S. C. Flint and G. A. Taylor for $3,300, and the residue to W. S. Hamilton for $10,300, amounting in the aggregate to the sum of $13,600. After the entry of said decree, a payment was made thereon before said sale of $815.60. The aggregate amount of the costs and attorney's fees at the time of the sale was $643.07. It appears from the sheriff's return that there was from the proceeds of said sale in his hands the sum of $12,956.93 to apply on said decree, leaving a balance due thereon of $2,017.77. On the 6th day of May, 1889, the plaintiff moved to confirm said sales, which motion was on the next day duly allowed by the court and said sales confirmed. One parcel of said land was sold to W. S. Hamilton, as appears from the sheriff's certificate of redemption, for the sum of $5,000. On the 31st day of August, 1889, the defendant R. Phipps duly redeemed the same by paying said sheriff the sum of $5,375. The land thus redeemed is described as the donation land claim of R. Phipps in T. 28 and 29 S., R. 6 west; the donation land claim of Robert McKee in T. 28 and 29 S., R. 6 west; all of the donation land claim of Monroe C. McCloud that lies north and east of the South Umpqua river in Douglas county, Oregon. On the 9th day of October, 1889, the clerk of the circuit court of Douglas county, Oregon, issued another execution on said decree, in which it was

recited that S. C. Flint, at the regular October term, 1888, of the circuit court of Douglas county, Oregon, to wit, Wednesday, October 10, 1888, recovered a judgment by foreclosure of a mortgage and against the above-named defendant R. Phipps, and against the following-described mortgaged premises, to wit:  The donation claim of M. C. McCloud, No. 41, in township 28 south, range 6 west, bounded and described as follows, to wit:  Beginning at a point 12 chains north and 9.25 chains east from the south-west corner of section 33; thence north 40 chains; thence east 40 chains; thence south 40 chains; thence north 89 degrees 34 minutes west 39.56 chains to the place of beginning.  The donation land claim No. 42 of Robert Phipps, in township 28 S., R. 6 west, and donation claim No. 37 of Robert Phipps, in township 29 S., R. 6 west; the donation claim of Robert McKee in townships 28 and 29 S., R. 6 west, notification No. 5869.  And it is further recited that it has been decreed by the court that the mortgage of the plaintiff be foreclosed and all rights of the defendants W. R. Willis, Carrie Willis, his wife, S. Hamilton, G. A. Taylor and H. C. Slocum, are decreed to be subsequent to the lien of the plaintiff, and they are thereby barred of all equity of redemption in said lands, except such rights of redemption as the laws of Oregon confer.  The sheriff is then commanded to levy upon and sell the above-described premises and apply the proceeds arising from such sale:  (1) To the costs and expenses of the proceedings in the supreme court of the state of Oregon and in the court below; (2) to the payment of the decree of the plaintiff therein, to wit, the unsatisfied balance thereof, $2,305.97, with interest thereon at the rate of ten per cent per annum from the 9th day of October, 1889.

By the sheriff's return on this execution, it appears that he levied on the lands described in it on the 14th day of October, 1889, and after duly advertising the same for the requisite time, they were sold to T. R. Sheridan on the 16th day of November, 1889, for the sum of $2,390.  This satisfied

said decree and costs, the sheriff recites, leaving $3.04 in his hands. On the 22d day of November, 1889, the defendants, W. R. Willis and R. Phipps, filed their objections to the confirmation of sale, as follows: (1) For that the said execution does not describe or follow the terms of any judgment or decree in the above-entitled court and cause; (2) it does not state the amount of any judgment or decree or the amount actually due thereon; (3) for that the only decree entered in the above-entitled court and cause was a decree dated October 10, 1888, ordering the sale of the lands in this execution, together with a large body of other lands, and said decree and order were duly enforced by virtue of an execution issued on the 15th day of October, 1888, and sale of all the premises in said decree described on the 1st day of December, 1888, and the proceeds of said sale paid to the plaintiff above named, as fully appear by the records of the court; (4) for that the sheriff's return shows a sale of all the right, title and interest of the defendant R. Phipps in and to the land described in the execution on the 23d day of September, 1886, when the only judgment or decree on the record of this court in this cause against the defendant R. Phipps was entered on the 10th day of October, 1888; (5) for that the sale was not authorized by the judgment, decree or execution issued in said cause; (6) there is no judgment or decree in the records of this court that will authorize the issuance of the execution issued in this cause; (7) the only decree and order for sale, authorizing an execution against the real property described in this execution, had been fully executed and satisfied before the issue of this execution; (8) the execution in this case does not authorize the sale of any interest or title of the defendant R. Phipps in and to the premises mentioned therein prior to the 10th day of October, 1888. On the 2d day of December, 1889, the plaintiff filed a motion to amend the execution as well as the return. The defendants also filed a motion to quash the execution. The court sustained the plaintiff's motions and allowed the execution to be amended, and then confirmed the sale, at

the same time overruling the defendants' objections to such confirmation as well as their motion to quash. From these rulings this appeal is taken.

*J. C. Fullerton,* and *Hamilton & Hamilton,* for Respondent.

*W. R. Willis,* for Appellants.

STRAHAN, C. J.—The first question presented by the record is the sufficiency of the execution upon which the sale was made. It appears that there had been a previous sale of all the lands described in the decree, and that the tracts of land described in this writ had been redeemed by the judgment debtor; but the writ fails to follow the decree in every essential particular except the names of the parties. The power of amendment is conceded, and in most cases should be exercised to support a title acquired at such sale; but it is still a power which must be exercised cautiously and in view of the facts of the particular case. A few months previously this land sold for $5,000; at the sale in question it only brought about $2,300. What caused this discrepancy does not appear. It cannot be claimed that so short a time had produced any effect upon the value of the property.

Courts always exercise full control over their process so that suitors shall not be prejudiced either by the form of the writ or the manner of its execution. (*McKee* v. *Logan,* 82 Mo. 524.) The defects in this writ may have been the reason why the property did not sell for as much as at the previous sale, and if so, then the parties were injured to the amount of the difference between the present and former sale. Under this view of the subject, we think the better practice would have been for the court below to have quashed the writ on the defendant's motion rather than to have amended it. This power of amendment is a very salutary one, but it ought always to be exercised in furtherance of justice. In this cause we have concluded to reverse the decree appealed from and to quash the writ.

The other question raised is not fully presented by this record. It was said at the argument that the defendant Willis had purchased Phipps' interest in this land before

the decree of foreclosure and taken a deed therefor; but the fact does not appear in the record. If it did, what effect the fact would have upon the rights of these parties, is not so manifest. (*Boyce* v. *Wright*, 2 Abbotts N. Cas. 163; *Bowers* v. *Arnoux*, 33 N. Y. Super. Ct. 530; *Teabout* v. *Jaffray*, 74 Iowa, 28, 7 Am. St. Rep. 466; *Hervey* v. *Krost*, 116 Ind. 268; *Clayton* v. *Ellis*, 50 Iowa, 590.) But whatever the correct rule may be, we do not care to enter upon its consideration until all the facts are before us.

Let the decree appealed from be reversed.

BEAN, J., having presided at the trial in the court below. did not sit here.