MRS. R. L. BEAN *vs.* MARK W. INGRAHAM AND J. W. INGRAHAM.

Knox.     Opinion January 27, 1931.

*F. A. Tirrell,*
*O. H. Emery,* for plaintiff.
*J. H. Montgomery,*
*A. L. Miles,*
*Frank H. Ingraham,* for defendants.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, FARRING-TON, THAXTER, JJ.

BARNES, J. This is an action of *scire facias* against the defendants' jointly as trustees of the Camden Lumber & Fuel Company.

It is here on report with stipulation that it may be finally decided on so much of the evidence as is legally admissible.

It was brought for the purpose of recovering on the judgment in an earlier action in assumpsit, entitled *Mrs. R. L. Bean* v. *Camden Lumber & Fuel Company*, Mark W. Ingraham and J. W. Ingraham, Trustees.

By the stipulation in the report we learn that the entries on the dockets of the Supreme and Superior Courts of Knox County in both the earlier and the present action are part of the case, and that they are to be accepted by us as proof of the facts stated therein.

Counsel having thus agreed that the date of judgment in the earlier case was September 28, 1927, the demurrer is in effect withdrawn.

Demand on them, under date of October 15, therefore held the trustees.

Attempt is made now to attack further proceedings on the writ of execution because after a mandate from this court was received in due course by the clerk of courts of the county, in February, 1927, and within the vacation period between terms in that county, action was taken on the case at the next April term, and, by continuance by order of court, at the September term, the term of execution.

Attack is further directed to the execution as irregular because at said April term an alias execution was issued.

But here, in the very court whence the execution was issued, a motion to quash would have properly brought consideration of remedy, if remedy were to be had. *Flint* v. *Phipps*, 20 Or., 340, 25 Pac., 725; *Marks* v. *Stephens et al*, 38 Or., 65, 63 Pac., 824; *Bryant* v. *Johnson*, 24 Me., 304; *Folan* v. *Folan*, 59 Me., 566; *Staples* v. *Wellington*, 62 Me., 9.

We now recur to the *scire facias* case, served subsequent to return of the execution "unsatisfied." After hearing by a Justice of this court, J. W. Ingraham was discharged as trustee and Mark

W. Ingraham charged as trustee for the sum of $3,285.85. Defendant Mark W. Ingraham's exceptions to the judgment were filed and allowed.

Whether or no J. W. Ingraham joined in the bill of exceptions we need not decide.

The latter had been discharged by order of court, and plaintiff should then have taken exceptions if she had desired our ruling on that point. L. R. A. (1917 D), 674; 2 R. C. L., 56.

There remains for consideration the question whether or no Mark W. Ingraham is to be charged as trustee.

We have before us the evidence presented.

From this it appears that in March, 1921, this defendant, in exchange for his note then payable to the Megunticook National Bank for a like amount, gave to this bank his sixty days negotiable promissory note for $5,000.00, the Camden Lumber & Fuel Company, later made principal defendant, in what we have termed the earlier action, having endorsed the note by "J. W. Ingraham Treas."; that in April, 1923, principal not having been reduced, Mark W. Ingraham paid the interest due to that day; that on June 11, 1923, the president of the Camden Lumber & Fuel Company paid to the Megunticook Bank, for Mark W. Ingraham, $3,285.85.

It is argued that this payment was not authorized, was not known of by Mark W. Ingraham, but we find that he paid the interest on this note ninety-two days after the indorsement of payment of practically two-thirds of its principal sum and within the six months following made seven payments toward the balance due.

We therefore hold that Mark W. Ingraham ratified the payment of the Fuel Company in his behalf, and he stands before us in the same clear light as if he had authorized the payment, either personally or by his attorney, of which latter procedure there is some evidence.

Judgment will be, Mark W. Ingraham charged as trustee of the Camden Lumber & Fuel Company for goods, effects and credits of said Company, in his hands for the sum of three thousand two hundred eighty-five dollars and eighty-five cents.

*So ordered.*