JOHN SHILLITO Co. *v.* McCLUNG, Collector of Customs.

*(Circuit Court, S. D. Ohio, W. D.    April 25, 1891.)*

1. CUSTOMS DUTIES—SUITS TO RECOVER EXCESS—APPEAL FROM COLLECTOR—ESTOPPEL.
    Under Rev. St. U. S. § 2931, requiring an action for the excess of customs duties paid under protest to be brought within 90 days after the decision of the appeal from the collector by the secretary of the treasury, it is not the duty of the collector to inform the claimant of the disposition of the appeal by the secretary, and the fact that the collector, by his silence, leads the claimant to suppose that the appeal has not been acted on, when in fact it has been decided, does not estop the collector from setting up the 90-day limitation to a suit by the claimant to recover the excess duties.

2. SAME—PLEADING—DEPARTURE.
    Where in such suit the answer alleges that the appeal was decided more than 90 days before the suit was brought, a reply setting up that the collector is estopped from pleading the limitation because of his silence and failure to inform plaintiff that the appeal had been decided· is not a departure from the petition, which alleged that the appeal had not been decided before the suit was brought.

3. ESTOPPEL—ACTION AT LAW.
    Matters of estoppel *in pais* may be set up in actions at law as well as in suits in equity.

At Law.
*Mortimer Matthews*, for plaintiff.
*Henry Hooper*, for defendant.

SAGE, J.    This is an action at law under section 3011, Rev. St. U. S., for the recovery of the excess of customs duties claimed to have been unlawfully exacted from the plaintiff company, and paid by it under protest.    The petition alleges that the appeal required by section 2931 of the Revised Statutes had been duly made, but not decided by the secretary of the treasury up to the time that suit was brought.    The answer denies this allegation, and alleges that the appeal was decided more than 90 days before the suit was brought, and prays judgment on that ground alone.

The second amended reply alleges certain conduct, and afterwards silence, when it was his duty to speak, on the part of defendant, whereby plaintiff was misled to its prejudice in not discovering that said decision had been made until after the bringing of the action.    The prayer upon these allegations is that the defendant be estopped from denying that said decision had not been made.

To this reply defendant has demurred generally for insufficiency, and also specially, on the ground that the reply sets up, in an action at law, matters of equitable jurisdiction. With reference to the second ground of demurrer it may be remarked at once that the doctrine that matters of estoppel *in pais* or by conduct may be set up and will be recognized in actions at law has been affirmed by the supreme court of the United States in *Insurance Co.* v. *Eggleston*, 96 U. S. 572; *Daniels* v. *Tearney*, 102 U. S. 415; *Insurance Co.* v. *Doster*, 106 U. S. 30, 1 Sup. Ct. Rep. 18; and *Bank* v. *Morgan*, 117 U. S. 96, 6 Sup. Ct. Rep. 657. .

Under section 2931 of the Revised Statutes the plaintiff must show, as a condition precedent to his right to maintain the action, that not only was there due protest and appeal to the secretary of the treasury, but also that action was brought within 90 days after the decision upon such appeal. In this case there was a protest and appeal to the secretary of the treasury on the 4th of October, 1881. This action was commenced on the 26th of December, 1882. About the 2d of November, 1881, the defendant informed the plaintiff that the secretary of the treasury had declined to entertain the appeal, on the ground that the protest therein had not been filed within the time required by law. About December 4, 1881, defendant informed the plaintiff that the secretary of the treasury had, on account of its having appeared from the second report of about the 8th of November, 1881, made by the defendant to the secretary, that the defendant's original report was erroneous in stating that the protest was not filed within 10 days after liquidation, revoked his action as to the said appeal and as to two other appeals made by the plaintiff at the same time and rejected upon like grounds, and had decided said two other appeals, but that, on account of its still appearing to the secretary from said second report that as to the appeal set up in the petition protest had not been filed within 10 days after liquidation, the secretary did not consider any further action in regard to the same necessary.

It further appears from the reply that thereupon, without the knowledge or request of the plaintiff, and without informing the plaintiff, the defendant made such further representations and reports to the secretary that he was convinced that said protest had been duly filed, and thereupon, that is to say, on the 10th day of December, 1881, revoked his action in refusing to entertain the appeal, and decided it by affirming the assessment of duties as made by the defendant.

The plaintiff further sets up in his reply that the defendant did not, until this action was brought, inform the plaintiff of said decision, although the plaintiff, during the whole period of the consideration of said appeal, was, by its agent duly authorized in the premises, daily in the defendant's office, transacting business with the defendant in respect to other similar protests and appeals; and during the whole of said time the plaintiff was ignorant of said decision, and relied wholly upon said representations by the defendant on the one hand, and said silence on the other, as being an assurance to the plaintiff that the limitation of 90 days, set up in the answer, had not begun to run against the claim set up in the petition. Wherefore the plaintiff alleges that in maintaining

said silence after said representation and conduct defendant was grossly negligent of the rights of the plaintiff, and that it was solely on account thereof that the plaintiff did not bring this action within 90 days after the rendering of said decision.

In *Arnson* v. *Murphy*, 115 U. S. 579, 6 Sup. Ct. Rep. 185, the supreme court decided that there was nothing in the statute requiring that the decision on the appeal should be communicated to the claimant by any action of the officers of the government. The court say that all that the statute requires is that the secretary shall make the decision, and that it is to be made in the usual way in which the decisions of the department are made. This amounts to a statement that failure of the officers of the government to make the decision known to the claimant is not a neglect of duty on their part. But counsel urge that the court also say that "if, in any case, it should appear that, on due inquiry of the proper officers, a party had been misled to his prejudice in regard to a decision on an appeal, a different question would be presented." It is very ingeniously argued that the plaintiff in this case was misled to his prejudice by the silence of the defendants. The entire contention for the plaintiff rests upon this proposition. If it be unsound there is nothing upon which to build an estoppel, or in any way to excuse the plaintiff's failure to bring its action within the time limited by the statute. The argument is that, conceding that there could be no recovery which would bind the government, because the government may, after judgment against the defendant, assume or decline to assume the payment thereof, the action is to a certain extent personal, and therefore that there could be a recovery which would bind the defendant individually. But that could only be upon its being made to appear that the defendant had failed to perform some duty which was owing by him, by virtue of his office, to the plaintiff. This conclusion brings us again to the decision in *Arnson* v. *Murphy*, that the officers of the government are not under any obligation to communicate the decision on an appeal to the claimant whose rights are thereby passed upon. See, also, *Westray* v. *U. S.*, 18 Wall. 322, and *Merrit* v. *Cameron*, 137 U. S. 542, 11 Sup. Ct. Rep. 174. It was not the official duty of the defendant to inform the secretary, after he had declined to act upon the appeal, that his finding that protest had not been filed within 10 days was erroneous. In communicating that information defendant was a volunteer. If he had failed to communicate it, that failure would not have made him in any way liable to the plaintiff. The matter is therefore as if the secretary, upon the suggestion of a clerk in the treasury department, or upon his own motion, had reconsidered his action, and taken up the appeal and decided it. But it is urged that under the peculiar circumstances—that is to say, the notification to the plaintiff that the secretary had declined to consider the appeal—there was a duty resting upon him, as well as upon the defendant, to inform the plaintiff of the secretary's subsequent action. The answer is that there was no duty resting upon the defendant to make that notification, and therefore no obligation can be based upon the fact that he did make it. As to the secretary, it nowhere ap-

pears that he had any knowledge of it. And, further, it was the plaintiff's business, under the rulings made by the supreme court in the cases above, to keep itself advised of the action of the secretary, just as it is the duty of a suitor to take notice of the proceedings of the court. To create an estoppel by silence there must be not only the opportunity but the apparent duty to speak. It was held in *Morgan* v. *Railroad Co.*, 96 U. S. 716, that an estoppel *in pais* always presupposes error on one side and fault or fraud on the other. In *Andreae* v. *Redfield*, 98 U. S. 225, where it was held that the action was in the nature of a suit against the United States, suit was brought against the collector of customs for an alleged excess of duties. The collector pleaded the statute of limitations. Thereupon one of the claimants filed a bill setting forth that his attorney was informed by an officer of the custom-house that by the rules and practice of the treasury department the presentation of the claim to the auditor or refund clerk would prevent the statute of limitations from running, and that the statute, if the claims were so presented, could not and would not be interposed as a defense. The claimant, relying upon these statements, did so present his claims, and refrained from suing until the bar of the statute had attached, and therefore prayed that the collector be enjoined from pleading it. The court decided that the matters alleged were not sufficient to estop the collector. In *Barton* v. *Railroad Co.*, 24 Q. B. Div. 77, there was an application to the company for a transfer of stock. The company sent a letter to the holder of the stock giving her notice, and stating that unless heard from to the contrary the stock would be transferred. She did not answer the letter, and the stock was transferred. Her signature to the transfer was a forgery. Held, that she was not estopped from alleging that the transfer was invalid. It is to be observed that the reply contains no averment of any misrepresentation or misleading other than by silence, and that the plaintiff was as silent as the defendant is alleged to have been. Moreover, although the appeal was taken on the 4th of October, 1881, and the 90 days thereafter, when the claim was ripe for suit, expired January 2, 1882, the petition was not filed until December 26, 1882, nearly a year afterwards. The cases above cited and the considerations stated make it clearly appear that the defendant is not estopped to plead the statute of limitations.

It was suggested upon the hearing of the demurrer that the reply is a departure from the case stated in the petition. That objection is not well taken. The reply is germane to the plea of the statute of limitations. It states the grounds upon which the plaintiff relies to avoid the bar of the statute. It in no wise seeks to change the cause of action stated in the petition, but only to clear away the matter pleaded in bar by the defendant.

The demurrer will be sustained.