Decided 18 February, 1901.

### MARKS *v.* STEPHENS.

[63 Pac. 824.]

INJUNCTION — REMEDY FOR IRREGULAR LEVY OF EXECUTION.

Where an execution is irregularly issued, or is being irregularly or oppressively levied, the proper remedy for the injured party is to move to quash; thus, where individual personal property of a surviving partner, who was administrator of the partnership estate, was seized under execution on a judgment against the firm, injunction will not lie to restrain a sale thereunder because the execution was issued in the name of the judgment creditor, who had been dead for a considerable time, and because the judgment had been presented as a claim against the partnership estate and neither allowed nor disallowed, and because the property levied on was individual personal property, since there was a complete and adequate remedy for the irregularity in the issuance of the execution and the subsequent proceedings thereunder, by a motion to quash in the court issuing the execution.

From Douglas: HIERO K. HANNA, Judge.

Injunction suit by Asher Marks against R. L. Stephens and others to prevent a sale of personal property on an execution.  Further facts appear in the opinion.  There was a decree for the defendants, from which plaintiff appeals.

AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. J. C. Fullerton.*

For respondents there was a brief over the name of *Coshow & Sheridan,* with an oral argument by *Mr. O. P. Coshow.*

MR. CHIEF JUSTICE BEAN delivered the opinion.

Injunction by Asher Marks against R. L. Stephens and others to enjoin the sale of personal property belonging to the plaintiff, under an execution issued on a judgment rendered in July, 1891, in favor of John Pearce and others, and against the plaintiff and S. Marks, partners as S. Marks & Co., and one F. C. Buell. The complaint alleges, in substance, that John Pearce, one of the judgment creditors, died in 1891, and S. Marks in 1893; that the plaintiff was appointed administrator of the partnership estate of Marks & Co., and in 1894 a transcript of the judgment referred to was presented to him, as such administrator, for allowance; that thereafter, on the twenty-eighth day of February, 1899, an execution was issued thereon, and in March 150 sacks of wheat, the individual property of the plaintiff, were levied upon and advertised for sale, and will be sold thereunder unless the sheriff is restrained; that such execution was wrongful and unlawful for the reasons (1) that it was issued in the name of John Pearce, who had died long prior to the date thereof; (2) that prior to its issuance Pearce's administrator had presented the judgment as a claim against the estate of S. Marks & Co., and it had neither been allowed nor disallowed by the administrator thereof; and (3) that the levy on the property of the plaintiff is wrongful and void, because his individual property is not liable to seizure and sale under execution issued on a judgment against the firm of S. Marks & Co. A demurrer to the complaint was sustained in the court below, and the plaintiff appeals.

It is elementary law that an injunction will not issue where there is an adequate remedy at law, and therefore equity will not restrain a levy or sale of property under execution on account of mere errors or irregularities in its issuance or proceedings thereunder; for, as said by Mr. Freeman, "courts of equity do not presume to exercise supervisory power over courts of law with a view of correcting

the decisions of legal tribunals. They interfere only in cases
of fraud, accident, mistake, surprise, or where some uncon-
scionable use of a legal right or title is made or threatened.
If an execution is irregularly issued, or is being executed in
an irregular, oppressive, or fraudulent manner, the court out
of which it issued can usually, on motion, grant appropriate
and adequate relief; and, where it can do so, equity will not
interpose, except to stay proceedings until the ordinary
means of obtaining redress can be pursued at law": 2 Free-
man, Executions (2 ed.), § 436. See, also, 8 Enc. Pl. &
Prac. 475; *Stafford* v. *Sibley,* 106 Ala. 189 (17 South. 324) ;
*Foard* v. *Alexander,* 64 N. C. 69; *Gregory* v. *Ford,* 14 Cal.
138 (73 Am. Dec. 639). Now, the only ground assigned
for relief is alleged irregularity in the issuance of the execu-
tion and the subsequent proceedings thereunder, for which a
motion to quash in the court issuing the process would have
afforded an adequate and complete remedy. There is no
allegation of any fact requiring the interposition of a court
of equity, or giving it jurisdiction to interfere by injunction.
It is argued that, because the property levied upon is per-
sonal, the sale of which would pass the title without right
of redemption, equity should interfere by injunction, because
such sale might take place before a motion to quash could be
heard. But there is no allegation in the complaint upon which
to base such a contention, and, if there were, it would not
give the court jurisdiction to perpetually enjoin the enforce-
ment of the execution, although, according to some of the
authorities, it might stay the proceedings until the motion
to quash could be disposed of. It follows from these views
that the plaintiff's remedy was by a motion in the court is-
suing the process, and not by a proceeding in equity. There
was, therefore, no error in sustaining the demurrer, and the
decree of the court below will be affirmed.    Affirmed.