Argued 31 January; decided 8 April, 1901.

### CROWN CYCLE COMPANY *v.* BROWN.

[ 64 Pac. 451.]

CONSTRUCTION OF PLEADINGS AFTER VERDICT.

1. A liberal construction should be given pleadings when first objected to after verdict: *Nicolai* v. *Krimbel*, 29 Or. 76, cited.

PLEADING—DEPARTURE—ACTION FOR GOODS SOLD.

2. Where an action is brought to recover the value of goods sold and delivered, and the defendant pleads that they were purchased under a special contract, by the terms of which the price is not due, a reply alleging that the special contract was procured through fraud is not a departure: *Mayes* v. *Stephens*, 38 Or. 512, and *Cederson* v. *Oregon Nav. Co.* 38 Or. 343, applied.

SALES—ASSUMPSIT—WAIVER OF TORT.

3. Where a sale of goods under a contract giving a specified time in which to pay therefor is fraudulently procured by the purchaser, the seller may waive the tort and the express contract, and sue in assumpsit for the value of the goods, without waiting for the vendee to convert them into cash.

RESCISSION OF FRAUDULENT SALE—RETURN OF CONSIDERATION.

4. Where a sale of goods under a contract giving a specified time to pay therefor is fraudulently procured by the purchaser, and bills of exchange are given therefor, the seller may bring action for the value of the goods without first returning the bills of exchange.

From Multnomah : ALFRED F. SEARS, JR., Judge.

Action by Crown Cycle Company against Sherman D. Brown to recover the value of goods sold and delivered to defendant. From a judgment in favor of plaintiff, defendant appeals.          AFFIRMED.

For appellant there was a brief over the names of *Arthur C. Emmons* and *Lionel R. Webster*, with an oral argument by *Mr. Emmons* and *Mr. Geo. J. Cameron*.

For respondent there was a brief over the names of *Gustavus C. Moser* and *Emmons & Emmons*, with an oral argument by *Mr. Moser*.

MR. JUSTICE WOLVERTON delivered the opinion.

The amended complaint herein, omitting formal allegations, runs as follows : "That on or about the first day of March, 1896, the plaintiff, at the special instance and request of the defendant, sold and delivered to defendant certain goods, wares, and merchandise, of the ·reasonable value of $12,234." The answer denies that the plaintiff sold or delivered to the defendant any goods, wares, or merchandise whatever, except under a special contract of purchase and sale between them, which provided for the payment of a stipulated price at a time certain, which had not elapsed at the commencement of the action. It is further alleged that the goods, wares, and merchandise mentioned in the complaint consist of three lots of bicycles, which were purchased by the defendant from the plaintiff under a special contract as to price, terms, and time of payment; and that, in pursuance of the terms of the contract, the defendant executed and delivered to the plaintiff, as and for the whole of the purchase price of said bicycles, certain bills of exchange, which were received and accepted by plaintiff, and are still held and retained by it. The plaintiff replied that the goods were procured and said contract was induced through the fraudulent and deceitful representations of the defendant as to the condition of his credit; that the said bills of exchange were taken and accepted under those conditions, and are wholly worthless. There was a demurrer interposed to the reply, and a motion to strike out the affirmative averment, which were both overruled. The verdict and judgment being in favor of the plaintiff, the defendant appeals.

1.   The complaint is criticised as not stating a cause of action, but it is deemed sufficient, especially as the criticism comes after verdict : *Nicolai* v. *Krimbel,* 29 Or. 76, 84 (43 Pac. 865).

2.   The defendant next urges that the reply constitutes a departure from the ground taken in plaintiff's first pleading.   The complaint is in assumpsit for goods sold and delivered on a *quantum valebat.*   The answer pleads, in avoidance of that form of action, a specific contract, and that the time for which credit was accorded under it had not expired.   The purpose of the reply is to show that the special contract was a nullity, because induced by fraud, and that the defendant, by reason thereof, was not entitled to the credit given him, and thus to overcome or avoid the defense relied upon.   This does not state a new cause of action.   True, the plaintiff might have anticipated the defense interposed, and stated the fraud attending the transaction in his complaint, but the more logical method was adopted, to simply state its cause of action on an implied contract, and await the movement of its adversary, and, when the specific contract was interposed, then to show that, by reason of the fraud practiced in its procurement, it was ineffectual for the purpose designed by the pleader.   The reply does not quit or depart from the complaint, and state a different cause, nor is anything it contains inconsistent with the cause there stated.   The defendant seeks to destroy the plaintiff's right of action by setting up this specific contract, and the reply avoids it, and thus is put upon the record a perfectly logical procedure.   The reply may be said to fortify the cause, but it goes no further, and can not be termed a departure : *Mayes* v. *Stephens,* 38 Or. 512 (63 Pac. 760); *Cederson* v. *Oregon Nav. Co.* 38 Or. 343 (63 Pac. 763); *Rosby* v. *St. Paul, M. & M. Ry. Co.* 37 Minn.

171 (33 N. W. 698); *Shillito Co.* v. *McClung* (C. C.), 45
Fed. 778; *Ætna Life Ins. Co.* v. *Nexsen*, 84 Ind. 347 (43
Am. Rep. 91); *Ankeny* v. *Clark*, 148 U. S. 345 (13 Sup.
Ct. 617).

3.    The most important question attending this con-
troversy is whether the plaintiff can waive the tort and
sue in assumpsit for goods sold on a *quantum valebat.*
Upon this question the authorities are in hopeless con-
flict, and we will make no attempt to reconcile or dis-
tinguish them.    The action is for the reasonable value
of the bicycles, not for an agreed price, so that there is
no attempt to sue upon the contract, which it is alleged
was fraudulently obtained, or to adopt any of its terms
as controlling in any particular or binding upon the
parties to the action.    Fraud having vitiated the con-
tract, and rendered it voidable, at the election of the
plaintiff, it had proceeded by an action in nowise adapted
to its enforcement, and thereby it would seem to logically
follow that it has proceeded in its disaffirmance.    At any
rate, the action which it has employed is wholly incon-
sistent with the existence of the specific contract, so that
it can not be said that by suing in assumpsit it has affirmed
any contract that it may have had with the defendant,
except the one which may be implied from the acts of
the parties.    In a leading case upon the subject (*Roth* v.
*Palmer*, 27 Barb. 652, 656), HOGEBOOM, J., discussing the
effect of the waiver of the tort, says : " Does it restore
the express contract which has been repudiated for the
fraud, or does it leave the parties in the same condition
as if no express contract had been made, to such relations
as result, by implication of law, from the delivery of the
goods by the plaintiffs and their possession by the defend-
ant?    On this subject the decisions are conflicting, but I
think the weight of authority, as well as the true and

logical effect of the various acts of the parties, is to leave the parties to stand upon the rights and obligations resulting from a delivery and the possession of the goods." The proposition is supported by *Willson* v. *Foree*, 6 Johns. *110 (5 Am. Dec. 195); *Pierce* v. *Drake*, 15 Johns. 475, and other New York authorities, as well as by *Dietz's Assignee* v. *Sutcliffe*, 80 Ky. 650,—a case in all particulars like the one at bar.   To the same purpose, see Pomeroy, Code Rem. (3d ed.) § 571 ; Bliss, Code Plead. (3 ed.) § 15.   Whether the vendor may waive the tort until his artful vendee has disposed of the goods and converted them into money is another phase of the question, touching which the authorities are not agreed.   There are many of great weight holding that he can : *Galvin* v. *Mac Mill. Co.* 14 Mont. 508 (37 Pac. 366); *Lehmann* v. *Schmidt*, 87 Cal. 15 (25 Pac. 161); *Roberts* v. *Evans*, 43 Cal. 380 ; *Norden* v. *Jones*, 33 Wis. 600 (14 Am. Rep. 782) ; *Western Assur. Co.* v. *Towle*, 65 Wis. 247 (26 N. W. 104); *Downs* v. *Finnegan*, 58 Minn. 112 (49 Am. St. Rep. 488, 59 N. W. 981); *Gordan* v. *Bruner*, 49 Mo. 570 ; *McCombs* v. *Church*, 9 Lea, 81 ; *Terry* v. *Munger*, 121 N. Y. 161 (18 Am. St. Rep. 803, 24 N. E. 272); and *Challiss* v. *Wylie*, 35 Kan. 506 (11 Pac. 438).   We are inclined to adopt the doctrine of the foregoing authorities as establishing the better rule, namely, that a vendor who has been induced by fraud to part with his goods to a purchaser on a time consideration may, before the same becomes due, sue in assumpsit for their reasonable value, and this before the vendee has converted the same into money.   We may say that we are impelled somewhat to this conclusion by a cause of some analogy heretofore decided by this court.   We refer to *Gove* v. *Island City Mill. Co.* 19 Or. 363 (24 Pac. 521), wherein it was held that "when one performs services for another on a special contract, and,

for any reason except a voluntary abandonment, fails to fully comply with his contract, and the services and material have been of value to him for whom they were rendered and furnished, he may recover for such material and services their reasonable value, after deducting therefrom any damages the party for whom such materials were furnished and services were rendered has sustained by reason of such failure.'' The quotation is from the headnote.

4.   There was no attempt on the part of the plaintiff, prior to the institution of the action, to formally rescind the contract, nor was there any offer to return or to surrender the acceptances received in consideration of the sale, but the plaintiff proffered to return them in its reply and at the trial.   As against the right of recovery by this method, it is urged that no action accrued to the plaintiff for the reasonable value of the goods until the specific contract was rescinded, and there was an offer to return the acceptances, and that the present action was prematurely brought, to say the least.   There is ample authority, however, for proceeding by the method adopted :   *Ryan* v. *Brant*, 42 Ill. 78 ;   *Nichols* v. *Michael*, 23 N. Y. 264 (80 Am. Dec. 259);   *Wigand* v. *Sichel*, 33 How. Prac. 174 ; *Claflin* v. *Taussig*, 7 Hun, 223.   The authorities seem to be uniform that, where the action is for the recovery of specific property, the tender of return of such acceptances should be made as a condition precedent to the bringing of the action, as the vendee must be placed *in statu quo* before the vendor is entitled to take it from him, consequently he has no right of action until the tender is made ; but there is a distinction recognized by these same authorities, that where the party proceeds in trespass, or on a *quantum valebat*, the rule does not apply :   *Doane* v. *Lock-*

*wood*, 115 Ill. 490 (4 N. E. 500).   These considerations affirm the judgment of the court below, and it is so ordered.                                            AFFIRMED.