Argued 28 June, decided 31 July, 1905.

## HOLMES v. WOLFARD.

81 Pac. 819.

MOTION TO QUASH EXECUTION AS RES JUDICATA.

1. A motion to quash is not the remedy of one whose property has been seized under a writ against another, and the decision on such a motion is not conclusive in a subsequent appropriate proceeding to determine the title, since the claimant was not a party to the proceeding in which the writ was issued and consequently could not have demanded or received the relief now obtainable: *Marks* v. *Stephens*, 38 Or. 65, distinguished.

PLEADING — DEPARTURE.

2. Where, in an action to determine an adverse interest in real estate, the complaint alleged that plaintiff, since March 19, 1903, had been the equitable owner of the property and had exclusive possession thereof, and defendant denied such allegations, and averred that plaintiff's grantor, S., was the owner of the property, and, being indebted to M., the latter held a deed to the premises, which was intended as a mortgage to secure the indebtedness, pending which the property was sold under a judgment against S., after which S. conveyed the land to plaintiff for a preëxisting debt, a reply denying the allegations of new matter, averring the facts in respect to the transfer of title by way of security as alleged, and that S. held possession until he executed his deed to plaintiff, who claimed a valid title thereto, subject to the payment of the remainder of the original debt, which had been assigned to defendant, did not constitute a departure, but was a new assignment, designed merely to affirm the averments of the complaint by correcting defendant's alleged mistake in regard thereto.

WHO MAY SUE TO DETERMINE ADVERSE CLAIM.

3. Section 516, B. & C. Comp., authorizing a party claiming an interest or estate in real property, not in the actual possession of another, to maintain a suit

against any person claiming an estate or interest therein adverse to him, for the purpose of determining such conflicting claims, authorizes the maintenance of such suit by the holder of a mere equitable right.

LIABILITY OF EQUITABLE INTEREST IN LAND TO EXECUTION.

4. In Oregon a mere equity in land is not subject to seizure and sale under execution.

To illustrate: Where real estate was conveyed to one who advanced the entire consideration for its purchase, under a contract to convey the same to another, on payment of the consideration and interest, and such other person never held the legal title to the land, his equity therein was not subject to levy and sale under execution.

From Marion: REUBEN P. BOISE, Judge.

Statement by MR. JUSTICE MOORE.

This is a suit by W. H. Holmes against A. G. Wolfard to determine an adverse interest in real estate. The facts are that W. R. Smith, desiring, but being unable, to purchase the NW. ¼ of section 28, in township 7 S. of range 1 E., in Marion County, entered into a contract with one John Morley, whereby the latter paid the entire consideration, and as security therefor the owner of such real property executed a deed thereof to Morley, who agreed to convey the premises to Smith, upon the payment of the consideration and interest. Morley having received a part of the money loaned, the defendant, on January 22, 1901, at Smith's request, paid the remainder due, $444, taking as security therefor a deed of the premises executed by Morley, and giving Smith a bond for a deed, in which it was stipulated that the premises should be conveyed to the latter upon the payment of that sum and interest. Coolidge & McClaine, a corporation, having commenced an action against Smith in the circuit court for Marion County, secured a judgment therein February 3, 1902, for the sum of $786.89. Forty-four days thereafter, Smith, in consideration of a debt of $800, executed to plaintiff a quitclaim deed of all his interest in such real property. Coolidge & McClaine, on June 3, 1903, assigned its judgment to the defendant, who caused an execution issued thereon to be levied upon the premises in question, whereupon

plaintiff moved to set aside the levy; but, the motion
having been denied and no appeal taken from such action
of the court, the sheriff of that county, on August 8, 1903,
for the sum of $800, purported to sell to the defendant all
the interest Smith had in the real property in question on
the day such judgment was rendered, which sale was con-
firmed. The complaint states that plaintiff is, and ever
since March 19, 1903, has been, the equitable owner of such
real estate, and in the exclusive possession thereof; that
the defendant claims an estate therein adverse to him; and
that such claim is without right. The answer denies the
material allegations of the complaint, and for a further de-
fense avers that Smith was the owner of the real property,
and, being indebted to Morley, the latter held a deed to the
premises, which was intended as a mortgage to secure the
payment of the sum of $513. The facts, as hereinbefore
stated, in respect to the transfer of the title by Morley to
the defendant, the judgment secured by Coolidge & Mc-
Claine, and the proceedings thereunder are alleged; and
it is also averred that no part of the sum loaned to Smith
by the defendant has ever been paid, and that the defend-
ant was compelled to pay the taxes imposed on such land
as follows: February 26, 1902, $6.21, and March 14, 1903,
$5.90; that at the time such judgment was rendered Smith
was the owner of the real property in question; that it
became subject to the lien of the judgment; that it was
also incumbered with a lien for the sum loaned by defend-
ant thereon; that plaintiff's interest therein is subordinate
to such liens, and was extinguished by the sale thereof in
the manner indicated. For a third defense, plaintiff's
motion to set aside the levy of the execution, and the action
of the court thereon, are alleged as a plea in bar to the
maintenance of this action. The reply denies the material
allegations of new matter in the answer, sets out the chain
of title under which plaintiff claims the premises, and

avers the facts in respect to the transfer of the title by way of security as hereinbefore stated; that Smith held possession of the land until he executed his deed to plaintiff, who in good faith entered into and retained the possession thereof, believing he had a valid title thereto, subject only to the payment of defendant's debt of $444, and interest and taxes, as alleged in the answer, no part of which has been paid. The cause being thus at issue, defendant's counsel, based on the pleadings, moved the court for a decree dismissing the suit on the grounds that the plaintiff was not the owner of the legal title of the premises in question; that the interest claimed by defendant in the real property is that of a lien holder for the sums loaned by him thereon and the judgment and costs adverted to, which are not adverse to plaintiff's estate in the real property; and that there is a departure between the averments of the complaint and of the reply, preventing a recovery on the prior pleading. This motion having been overruled, the cause was tried, resulting in a decree to the effect that plaintiff was the equitable owner of the real estate described in the complaint, subject, however, to the claim of the defendant on account of the loan of $444, with interest thereon at the rate of 7 per cent per annum, since February 22, 1901, and the sums paid on account of taxes, with interest thereon at the rate of 6 per cent since the payment thereof, upon the discharge of which plaintiff was entitled to a conveyance of the land, free from all claims of any kind whatever, and the defendant appeals.

AFFIRMED.

For appellant there was a brief and oral argument by *Mr. George Greenwood Bingham.*

For respondent there was a brief over the names of *J. H. McNary* and *C. L. McNary*, with an oral argument by *Mr. John H. McNary.*

MR. JUSTICE MOORE delivered the opinion of the court.

1. It is contended by defendant's counsel that, if the execution issued on the judgment rendered in the action of Coolidge & McClaine against Smith was enforced against plaintiff's interest in the real property when it was not subject thereto, his remedy was to apply to the court to set aside the levy, and, having done so and taken no appeal from the denial of the motion, such action became final, thereby precluding the maintenance of this suit, in refusing to dismiss which an error was committed. A text writer, in speaking of a motion to quash a levy upon property under an execution, says: "The court will not, upon the motion of one not a party to the action, undertake to determine the title to the property levied upon. Therefore this is not a proper remedy for one whose property has been levied upon under execution against another, and whose claim is not that there was irregularity in the levy, but only that the officer has seized the property of a stranger to the writ": 2 Freeman, Executions (3 ed.), § 271a. Holmes was not a party to the action of Coolidge & McClaine against Smith, in which the execution was issued; and, though there may have been a privity of estate between him and Smith, the motion to quash the levy, which he interposed, presented the question of title to the property, which the court very properly refused to consider. A judicial determination that will bar another suit or action on the same ground must be for relief which either was or could have been demanded and granted in the original proceeding; and, as the court was powerless to grant the motion, Holmes was not estopped thereby. This principle does not militate against that established in *Marks* v. *Stephens*, 38 Or. 65 (63 Pac. 824, 84 Am. St. Rep. 750), that, where an execution is irregularly levied, the remedy of the injured party is to move to set aside the seizure, and, if he

47 OR.——6

fails to do so, he is estopped to dispute the regularity of the proceedings; for in that case the party assailing the levy was also a party to the judgment upon which the execution was issued.

2. It is insisted by defendant's counsel that there is a material variance between the allegations of the complaint and the averments of the reply, and that, having moved to dismiss the suit on that ground, an error was committed in denying the motion. In *Mayes* v. *Stephens*, 38 Or. 512 (63 Pac. 760, 64 Pac. 319), in discussing the question here presented, it is said: "The facts relied upon as a ground of action should generally be stated in the complaint; for, if the reply allege matter which constitutes an original cause of action, the averment of the latter pleading will be treated as a departure. * * But a new assignment in the reply, designed to affirm the averments of the complaint by correcting the defendant's mistake in regard thereto, is not a departure. * * Matter which sustains a pleading is no departure, if set up in the reply, though it might have been set out in the complaint (Fitman, Trial Proc. § 581); the rule being that the complaint and reply, when not repugnant, should be read together to determine the pleader's intent." To the same effect see *Crown Cycle Co.* v. *Brown,* 39 Or. 285 (64 Pac. 451); *Patterson* v. *Patterson*, 40 Or. 560 (67 Pac. 664); *Kiernan* v. *Kratz*, 42 Or. 474 (69 Pac. 1027, 70 Pac. 506). In our opinion the allegations of new matter in the reply were intended to correct the defendant's mistake in regard to the averments of the complaint, which are thereby amplified, thus constituting a new assignment, and not a departure. Notwithstanding the averments of the reply and the language of the decree may seem to indicate that this suit is in the nature of a bill to redeem, and hence a departure, we think a careful analysis of plaintiff's pleadings, construing them in pari materia, will show that the object of the suit is to

determine an adverse interest in realty, claimed by reason of the levy and sale thereof under execution; the plaintiff conceding that the sum due from Smith to the defendant on account of the loan, together with the interest thereon and the taxes so paid, constitute a valid lien on the real property in question.

3. It is contended by defendant's counsel that a suit to determine an adverse interest in real property cannot be maintained by the owner of the equitable estate against the holder of the legal title, and that, having moved to dismiss the suit on that ground, an error was committed in denying the motion. Our statute authorizes a party claiming an interest or estate in real property, not in the actual possession of another, to maintain a suit against any person claiming an interest or estate therein adverse to him, for the purpose of determining such conflicting claim: B. & C. Comp. § 516. In *Ladd* v. *Mills*, 44 Or. 224 (75 Pac. 141), in construing this statute, it was held that any person having a substantial interest in or claim to real property, though not the legal owner thereof, might maintain a suit to determine an adverse claim thereto. In deciding that case, Mr. Justice Bean, referring to the statute in question, said: "Under this provision it is not necessary that the plaintiff have the legal title before he can maintain a suit to determine an adverse claim to real estate." The decision in that case is controlling in this.

4. These preliminary questions having been disposed of, we come to the merits of the case, which are involved in the inquiry whether or not Smith had such an interest in the real property described in the complaint as could be subjected to sequestration by an execution issued on a judgment in a law action. It is alleged in the answer that he was the owner of this land when it was conveyed to Morley, by deed absolute in form, but which was in fact a mortgage to secure the payment of the sum loaned. This

averment is denied in the reply, thereby imposing on the defendant the burden of establishing the controverted fact. The evidence unquestionably shows that Smith never held the legal title to the premises, and possessed only the right of obtaining a deed upon the payment of the stipulated sum. He was not, therefore, and never had been, the owner of the real property in question, and had only an equitable interest therein. In *Smith* v. *Ingles*, 2 Or. 43, the defendant, being insolvent, purchased certain real property, taking the title thereto in the name of his two minor sons. A judgment having been rendered against Ingles, the real estate in question was levied upon, in pursuance of an execution issued on that judgment, and the premises sold, whereupon it was held that he had no interest in the land to which the lien of the judgment could attach, and that his equitable estate therein could not be divested by a sale upon an execution while the legal title remained in his sons. In *Silver* v. *Lee*, 38 Or. 508 (63 Pac. 882), it was held that where an insolvent debtor purchases land, causing it to be conveyed directly to a trustee, he has no interest therein that is the subject of sale on execution, because he never owned the premises. See, also, the case of *Bloomfield* v. *Humason*, 11 Or. 229 (4 Pac. 332).

The rule thus established rests upon the assumption that an equitable interest in real property is an uncertain estate, which, if it could be sold on execution issued on a judgment rendered in a law action, would produce a sum grossly inadequate in proportion to its real value; for most persons, in purchasing real property, insist upon a certainty of the title thereto, and, where there is a doubt in this respect, usually decline to invest their money. If a compulsory sale of such interest upon execution were permissible, there would be little or no competition in bidding. Few people desire to purchase a lawsuit, and the

judgment creditor would probably secure the equitable estate for a nominal sum. In the interest of the debtor, and to afford purchasers of real property at an enforced sale thereof an equal opportunity with the judgment creditor, the rule adverted to has been adopted, requiring the latter first to establish the fact in a court of equity, in a suit instituted for that purpose, that the debtor's equitable estate in real property is subject to the payment of his demand, before such interest can be divested by a sale thereof upon execution. So long, therefore, as any substantial thing remains to be done by the debtor before his equitable estate in real property ripens into the legal title, such interest cannot be reached under an execution issued on a judgment in a law action, but to subject such estate to the payment of the creditor's demand, resort must be had to a court of equity to establish the right. In *Pogue v. Simon*, 47 Or. 6 (81 Pac. 566), it was held that real property sold upon execution, the sale duly confirmed, and the time for its redemption having expired, though the sheriff's deed therefor had not been executed, was subject to levy and sale on execution issued on a judgment rendered against the purchaser of the real estate. The decision in that case proceeds upon the theory that, the time for redemption having expired, the purchaser of the real property had nothing substantial to do in order to establish his right, and therefore by operation of law, eo instante on the expiration of the time limited, became the owner of the premises, which rendered the real property subject to seizure and sale on execution, though the deed evidencing the transfer of the title had not been executed. In that case there was nothing that could possibly be done by the original debtor, or those in privity with him, to defeat the right of the prior purchaser under the execution sale, who was entitled to a sheriff's deed; and for a failure to execute such instrument mandamus would lie.

It will be remembered that the consideration paid by Holmes for the equitable interest in the land consisted of an antecedent debt due from Smith. The evidence shows that Holmes knew of the rendition of the Coolidge & McClaine judgment against Smith before he obtained the latter's quitclaim deed transferring the equitable estate. The defendant had secured an assignment of that judgment, thereby becoming Smith's creditor to the extent of the sum awarded by the court against him. This judgment was not a lien on the equitable estate in the land (*Smith* v. *Ingles*, 2 Or. 43), and the attempt of the plaintiff and of the defendant in this suit to secure the payment of their respective debts was a race between creditors of equal right. If Smith did not have sufficient property or means with which to pay all his debts, he could in good faith prefer a creditor, and sell and convey his property to him in payment of a debt: *Elfelt* v. *Hinch*, 5 Or. 255; *Sabin* v. *Columbia Fuel Co.*, 25 Or. 15 (34 Pac. 692, 42 Am. St. Rep. 756); *Currie* v. *Bowman*, 25 Or. 364 (35 Pac. 848). Invoking the maxim that, where there are equal equities, the first in time shall prevail, it follows that Wolfard, by the levy and sale of the real property under execution, secured no interest therein as against Holmes, who theretofore had obtained the equitable estate by a conveyance thereof.

The decree is therefore affirmed, without prejudice, however, to the defendant's lien on account of his loan, the interest thereon, and the taxes paid by him, together with interest since the payment thereof.          AFFIRMED.