Argued and submitted February 2, decided February 23, 1910.

**PIONEER HARDWARE CO. v. FARRIN.**

[107 Pac. 456.]

PLEADING—REPLY—DEPARTURE.

1. Section 77, B. & C. Comp., provides that when an answer sets up facts forming a defense or counterclaim, the reply may state any new matter, not inconsistent with the complaint, controverting such defense or counterclaim. *Held*, that new matter in a reply, only constituting another assignment of the same cause of action pleaded in the complaint, intended to reassert the averment of plaintiff's original pleading, did not constitute a departure under the rule requiring that the complaint and reply, when not irreconcilable, should be expounded in *pari materia*.

WORK AND LABOR—GOODS SOLD AND DELIVERED—PROMISE TO PAY.

2. A complaint for goods sold and delivered, and for work, labor, and services furnished at plaintiff's request, was not defective for failure to allege defendant's promise to pay; this being necessarily implied in law.

PLEADING—REPLY—DEPARTURE.

3. A complaint alleged that at defendant's instance and request plaintiff sold and delivered to him goods, wares, and merchandise, and performed for him labor and services, but contained no allegation of a promise to pay. Defendant pleaded in his answer that plaintiff warranted the paints purchased for five years; that defendant was induced to purchase the paint on plaintiff's representations that it was of first quality, and would comply with the warranty, which it failed to do, resulting in damage to defendant, for which defendant. counterclaimed. Plaintiff in reply alleged that after the paint was sold and placed on defendant's building, defendant promised and agreed to pay plaintiff the full amount of the purchase price. *Held*, that the reply was not pleaded as an estoppel, but as a reiteration of the claim alleged in the complaint, and did not therefore constitute a departure.

CORPORATIONS—CORPORATE CAPACITY—BURDEN OF PROOF.

4. Section 5054, B. & C. Comp., as amended by Laws 1905, p. 111, provides that articles of incorporation, or the certified copy of the one

filed with the Secretary of State or county clerk, shall be *prima facie* evidence of the existence of the corporation and its right to do the business mentioned in its article, without any other evidence. *Held,* that where plaintiff's corporate existence was disputed, and a copy of its articles was introduced under such section, the burden was on defendant to show that the corporation, thus *prima facie* established, was incompetent to transact business.

From Coos: JAMES W. HAMILTON, Judge.

Statement by MR. CHIEF JUSTICE MOORE.

This is an action by the Pioneer Hardware Co., a corporation, against Geo. N. Farrin, to recover money.

The complaint alleges in effect that at all times stated therein the plaintiff was and is a duly organized corporation; that in the year 1906, at the special instance and request of the defendant, it sold and delivered to him goods, wares, and merchandise, and also performed for him labor and services, of the reasonable value of $195.11 and $44.90, respectively, no part of which had been paid, except $50 on account of the first cause of action.

The answer denies that plaintiff is a corporation, but admits the other allegations. For a further defense it is averred that during the year named the plaintiff was dealing in building material, including paint; that defendant applied to its agents for paint suitable to cover his house, and they, well knowing what use would be made of such material, represented to him that a certain kind of paint, giving the name thereof, was of first quality, suitable for the purpose desired, would give entire satisfaction, and warranted it for a term of five years from the date of application; that the defendant, being ignorant as to the quality and character of the paint so recommended, and relying on the representations thus made, was induced thereby to purchase such paint for $72.75; that the representations were false, and so known to be by plaintiff and its agents when they were made; that the paint was worthless; that it was put on defendant's house by skilled and competent workmen, who in applying the pigment, followed the directions of the plaintiff and its

agents, thereby incurring an expense of $50; that the paint so used immediately began to fade, and six months thereafter it disappeared, leaving the building exposed to the elements, and causing the lumber thereon to check and warp, all to the defendant's damage in the sum of $102.75.

The reply put in issue the allegations of new matter in the answer, and also contained the following averment:

"Plaintiff alleges that after said paint was sold to defendant, as hereinbefore stated, and after the same was placed on the building of said defendant, the defendant promised and agreed to pay the plaintiff the full amount of the purchase price thereof."

A motion to strike out the quoted paragraph having been denied, a trial was had, resulting in a judgment as demanded in the complaint, and the defendant appeals.

AFFIRMED.

For appellant, submitted on briefs over the names of *Mr. George N. Farrin, in pro. per.,* and *Mr. Edward L. C. Farrin.*

For respondent there was a brief over the names of *Messrs. Hall & Hall* and *Mr. Charles F. McKnight,* with an oral argument by *Mr. Andrew M. Crawford.*

Opinion by MR. CHIEF JUSTICE MOORE.

1. It is contended that the averments of the reply, which were challenged by the motion, constitute a departure from the cause of action set forth in the complaint, and, such being the case, an error was committed in refusing to strike out the paragraph so assailed. When an answer sets forth facts forming a defense or counter-claim, the reply thereto may state any new matter, not inconsistent with the complaint, controverting such defense or counter-claim. Section 77, B. & C. Comp. Though the facts constituting the cause of action relied

upon must be stated in the complaint, if the new matter in the reply only consists of another assignment of the same cause, intended to reassert the averments of the plaintiff's original pleading, by correcting the adverse party's misapprehension in relation thereto, such allegations of new matter in the reply do not establish a departure, since the rule for construing pleadings requires that the complaint and the reply, when not irreconcilable, should be expounded *in parti materia,* to determine the plaintiff's intention. *Mayes* v. *Stephens,* 38 Or. 512 (63 Pac. 760: 64 Pac. 319) ; *Crown Cycle Co.* v. *Brown,* 39 Or. 285 (64 Pac. 451) ; *Patterson* v. *Patterson,* 40 Or. 560 (67 Pac. 664) ; *Kiernan* v. *Kratz,* 42 Or. 474 (69 Pac. 1027: 70 Pac. 506) ; *Zorn* v. *Livesley,* 44 Or. 501 (75 Pac. 1057) ; *Holmes* v. *Wolfard,* 47 Or. 93 (81 Pac. 819) ; *Cooper* v. *Blair,* 50 Or. 394 (92 Pac. 1074) ; *Roots* v. *Boring Junction Lum. Co.,* 50 Or. 298 (92 Pac. 811: 94 Pac. 182).

2. The paragraph of the reply so objected to will be examined in connection with the averments of the complaint. It will be remembered it is stated as a cause of action that at the special instance and request of the defendant, the plaintiff sold and delivered to him goods, wares, merchandise, etc., and performed for him labor and services, but no promise to pay therefor is alleged in the complaint. Nor was such an averment requisite, for an allegation therein of a sale and delivery of goods and of the performance of labor, which were made and rendered at the special instance and request of the defendant, necessarily implies a promise on his part to pay the reasonable value thereof. Bliss, Code Pl., § 152; *Kraner* v. *Halsey,* 82 Cal. 209 (22 Pac. 1137). It might seem, however, that a different conclusion was reached in the case of *Bowen* v. *Emmerson,* 3 Or. 452, where it was held that a complaint which stated that the "plaintiffs sold and delivered to the defendant 4,000 lbs. of flour,

and that the same was worth $212.00," was insufficient to show a present right of action, for the commodity might have been sold on credit, and the time for its payment had not arrived. It is doubtful if the decision in that case is based on principle, for the rule is quite well settled that, where a sale and delivery of goods is alleged, and nothing is said in the pleading about the time of payment, it will be presumed that payment was to have been made on delivery. Mechem, Sales, § 538; *Robertson* v. *Wilcoxon,* 36 Ark. 355. It is unnecessary to state a fact which the law presumes (Bliss, Code Pl., § 175), and hence it would appear that the complaint in the case to which attention is called is sufficient. In that case it is not manifest that the sale and delivery of the flour were made at the instance and request of the defendant, and it is from such solicitation on the part of the buyer that the law imputes to him a promise to pay the reasonable value or the stipulated price upon the receipt of the goods. "The facts," says Mr. Justice WOLVERTON in *Waite* v. *Willis,* 42 Or. 288 (70 Pac. 1034), in explaining the present method of pleading as compared with the rule which formerly prevailed, "should now be stated out of which the cause of action arose, and the law will imply the promise." To the same effect, see *Keene* v. *Eldriedge,* 47 Or. 179 (82 Pac. 803).

3. Examining the averment of the reply which is challenged, it will be seen that the language thus employed enlarges the allegations of the complaint by setting forth a promise on the part of the defendant to pay the full value of the paint, which, as we have attempted to show, was an unncessary statement. No attempt is made to plead an estoppel in the reply by averring that after the defendant had fully ascertained the quality and character of the paint, he, for a consideration, promised and agreed to pay therefor.

Construing together the averments of the complaint and of the reply, we do not think there is any abandon-

ment of the cause of action originally set forth, or a subsequent selection of another cause; that no departure exists, and hence no error was committed in denying the motion to strike out the part of the reply that was so assailed.

4. It will be remembered that the answer denied the allegation that plaintiff was a duly organized corporation. To substantiate this issue a certified copy of the plaintiff's articles of incorporation was admitted in evidence, and the court, referring thereto, instructed the jury that the proof so received was sufficient for that purpose. An exception having been taken to this part of the charge, it is maintained that an error was committed in giving it. Section 5054, B. & C. Comp., as amended, is as follows:

"The articles of incorporation, or a certified copy of the one filed with the Secretary of State or county clerk, shall be *prima facie* evidence of the existence of such corporation and of its right to do the business mentioned in said articles without any other evidence thereof." Laws Or. 1905, p. 111.

It is unnecessary to refer to the earlier decisions of this court relating to the manner of establishing the existence of a private corporation, for the statute quoted was evidently adopted to mitigate the difficult rule of evidence which originally prevailed, and to substitute therefor a more reasonable method of determining that fact. If after such *prima facie* evidence has been produced, a party wishes to show that a corporation is incompetent to transact business, the burden of doing so devolves upon him. *State* v. *Kline,* 50 Or. 426, 432 (93 Pac. 237). The bill of exceptions states that the copy of the articles of incorporation was the only evidence offered or received. Such proof, however, was adequate (*Leavengood* v. *McGee,* 50 Or. 233: 91 Pac. 453), and no error was committed in giving the instruction of which the defendant complains.

It follows from these considerations that the judgment should be affirmed, and it is so ordered.