Argued September 11, reversed September 25, rehearing denied October 16, 1917.

# HUME *v.* RICE.

### (167 Pac. 578.)

**Appeal and Error—Supersedeas—Restitution Bond.**

1. A restitution bond, filed before the expiration of the five-day period allowed by statute for exceptions to the sufficiency of an appellant's undertaking on appeal, is premature, giving the respondent, who claimed the right to enforce the judgment despite the stay, according to Section 553, L. O. L., no rights, and does not warrant the enforcement of execution issued on the judgment sought to be superseded.

**Execution—Wrongful Execution—Damages.**

2. Plaintiff, who sought to enjoin the malicious abuse of a writ of execution, to his oppression, and demanded damages, has the burden of proving that the levy of execution on judgment for defendant was subsequent to the day when plaintiff filed notice of appeal and an undertaking to supersede the judgment against him.

**Execution—Wrongful Execution—Damages.**

3. Though plaintiff was put to expense because of the refusal of defendant, who recovered judgment against him in an action of garnishment, to release the garnishment after plaintiff had appealed and furnished a *supersedeas* bond, he cannot recover damages for such refusal, where there was no segregation of the expense growing out of the original levy from that chargeable to defendant's refusal to release the garnishment.

Execution—Injunction—Equitable Remedy.

4. While equity has jurisdiction to restrain the enforcement of a judgment at law, the jurisdiction will not be exercised, if the party has an adequate remedy at law, or has failed to exercise due diligence; hence a judgment enjoining execution of a judgment cannot be sustained, where it did not appear that a timely application to the court issuing the injunction to recall the writ would not have been effectual, this being particularly true where the judgment on which execution was issued was rendered by a court of a county other than that to which application for injunction was made.

[As to injunction against proceeding with sale on execution, See note in 111 Am. St. Rep. 97.]

Courts—Federal Courts—Restraining Enforcement of Judgment—Comity.

5. Principles of comity forbid the Circuit Court of one county to enjoin execution of a judgment of another, without a showing of gravest urgency.

From Marion: WILLIAM GALLOWAY, Judge.

Suit by F. E. Hume against Elver L. Rice and William Esch to enjoin the enforcement of an execution against the plaintiff. From a decree in favor of plaintiff, the defendants appeal. Reversed.

Department 2. Statement by MR. JUSTICE MCCAMANT.

This is a suit to enjoin the malicious abuse of a writ of execution to the oppression of plaintiff. The record before us is meager and we are largely dependent on statements in the briefs and the oral admissions of the respective attorneys for the facts. It appears that on February 17, 1915, Elver L. Rice recovered judgment in the District Court of Multnomah County, Portland District, against K. C. West and Fare West. A transcript of this judgment was filed in the Circuit Court for Multnomah County and an execution was sued out of said court thereon. A writ of garnishment based on this execution was served on F. E. Hume, plaintiff in the case at bar, and he answered that he had in his possession no money or property

belonging to the defendants in the writ. Rice thereupon filed allegations and interrogatories which were answered by Hume. The issues thus raised came on for trial in the Circuit Court for Multnomah County April 3, 1915, and judgment was rendered in favor of Rice and against Hume April 24, 1915. Execution was sued out on this judgment April 30th, and on May 5th Hume appealed from the judgment to this court, filing a *supersedeas* bond with his notice of appeal. The appeal was prosecuted and the judgment of the lower court was reversed June 6, 1916: See *Rice* v. *West,* 80 Or. 640 (157 Pac. 1105).

On May 6, 1915, Rice filed a restitution bond, claiming that the case fell within the operation of Section 553, L. O. L., and that this bond entitled him to enforce the execution. At some time not fixed by the record before us, but not earlier than May 1st or later than May 8th, a levy was made by garnishment of Hume's bank account in the Gervais State Bank. On May 8th Hume's attorneys demanded of Rice's attorney that the writ of execution be recalled and Hume's property released; this demand was refused. Hume thereupon brought this suit in equity in Marion County, praying that Rice be enjoined from proceeding further under the execution and that Hume have judgment for the damages sustained by the levy. The complaint charges that there was a malicious abuse of the process.

On May 10th a preliminary injunction was issued, restraining further proceedings under the execution. Thereafter Hume moved in the Circuit Court for Multnomah County for the recall of the execution. His motion was allowed May 21st and the garnishment was released May 24th. The suit in equity was put

at issue and tried out. Hume recovered judgment
against Rice and the latter appeals.          REVERSED.

For appellants there was a brief over the names of
*Mr. John Bayne* and *Mr. S. S. Humphrey,* with an oral
argument by *Mr. Bayne.*

For respondent there was a brief over the name of
*Messrs. Carson & Brown,* with an oral argument by
*Mr. Thomas Brown.*

MR. JUSTICE MCCAMANT delivered the opinion of the
court.

1, 2. The restitution bond was filed before the ex-
piration of the five-day period allowed by the statute
for exceptions to the sufficiency of Hume's undertak-
ing on appeal. It was therefore premature: *Hansen*
v. *Robbins,* 80 Or. 659 (157 Pac. 1112, 158 Pac. 403).
It is admitted that Rice acquired no rights by the filing
of this bond. All proceedings had under the execution
after Hume had filed his *supersedeas* bond, May 5,
1915, were therefore wrongful. The only levy which
was made under the writ was the garnishment of the
Gervais State Bank. The damages claimed by Hume
are predicated chiefly on this levy. The burden de-
volved upon him to allege and prove that the levy was
made subsequent to May 5th and the record is silent on
the subject.

3. The record shows that Hume was subjected to ex-
pense because of the refusal of Rice to release the gar-
nishment after Hume had appealed and furnished a
*supersedeas* bond, but the amount of this expense is
not ascertainable from the testimony. There is no
segregation of the damage and expense growing out
of the original levy from that chargeable to the re-

fusal of Rice to release the garnishment when requested so to do.

4, 5. There is a further reason why the decree in this case cannot be upheld. While the jurisdiction of equity to restrain the enforcement of judgments at law exists, it is said in 1 High on Injunctions (4 ed.), Section 113, that:

"The jurisdiction, though well established, is not regarded as a favorite one with courts of equity. A bill seeking relief of this nature is scrutinized with great jealousy, and the grounds on which the interference will be allowed are confessedly narrow."

In *Wells, Fargo & Co.* v. *Wall,* 1 Or. 295, 296, Mr. Justice Stratton says:

"Nor will this court interfere with judgments at law and take jurisdiction, unless it shall appear that the party has used due diligence, exhausted every means, and failed through ignorance of some fact; or was prevented from availing himself of his defense by fraud, accident, or by the act of the opposite party, unmixed with negligence or fault on his part."

In *Marks* v. *Stephens,* 38 Or. 65, 67 (63 Pac. 824, 84 Am. St. Rep. 750), it is said by Mr. Chief Justice Bean:

"If an execution is regularly issued, or is being executed in an irregular, oppressive, or fraudulent manner, the court out of which it issued can usually, on motion, grant appropriate and adequate relief; and, where it can do so, equity will not interpose, except to stay proceedings until the ordinary means of obtaining redress can be pursued at law. * * There is no allegation of any fact requiring the interposition of a court of equity, or giving it jurisdiction to interfere by injunction. It is argued that, because the property levied upon is personal, the sale of which would pass the title without right of redemption, equity should interfere by injunction, because such sale might take place before a motion to quash could

be heard. But there is no allegation in the complaint upon which to base such a contention, and, if there were, it would not give the court jurisdiction to perpetually enjoin the enforcement of the execution, although, according to some of the authorities, it might stay the proceedings until the motion to quash could be disposed of.''

The complaint in the instant case, like that in the case last cited, fails to allege any excuse for failure to seek a legal remedy. It is not alleged, for example, that the docket of the court out of which the execution issued was in such condition as to prevent an immediate hearing of the motion to recall the writ. The inference is strong that a timely application to that court would have been effectual; it is certain that when the motion to recall the writ was heard, it was promptly allowed. This remedy was plainer than the one pursued; it was equally adequate and in the absence of allegations and proof to the contrary we must assume that it was equally speedy. It follows that the case was not one for equitable cognizance and the bill should be dismissed without prejudice to Hume's right to seek a remedy at law.

We are the more ready to announce this conclusion because the injunction was issued by the Circuit Court for Marion County, enjoining the enforcement of a writ issuing out of the Circuit Court for Multnomah County. The principles of comity forbid the issuance of such an injunction without a showing of great urgency. In every such case the complaint should allege a satisfactory reason for failing to apply for relief to the court out of which the execution issues.

The conduct of Rice's attorney in refusing to recall the writ when requested so to do was censurable, and we shall therefore not disturb the decree of the lower

court on the subject of costs.    Neither party will recover costs in this court.

The decree is reversed.

REVERSED.    REHEARING. DENIED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE MOORE and MR. JUSTICE HARRIS concur.